ROY N. DeVAULT, Appellant, v. HARRY S. TRUMAN and THOMAS B. BASH.—No. 39558.—194 S. W. (2d) 129.

Division One, April 8, 1946.

1194

*Roy N. DeVault* pro se.

*Jules E. Kohn* and *Pendergast & Kohn* for respondent Harry S. Truman; *Henry Depping* and *Hogsett, Trippe, Depping & Houts* for respondent Thomas B. Bash.

DALTON, C.—Action for damages on account of alleged illegal confinement in a state hospital for the insane. The trial court sustained separate motions to dismiss the cause, entered judg-

1196

ment of dismissal and taxed the costs against the plaintiff. Plaintiff has appealed.

The action was instituted on November 6, 1944. Plaintiff's first amended petition, to which the motions to dismiss were directed, alleged: (1) That plaintiff "is a duly licensed and practising lawyer of the State of Missouri and has been for many years endeavoring to practice law in Jackson County.

"(2) That in and during the year 1931, defendants were judges of the County Court of Jackson County.

"(3) That said defendants and each of them caused to be entered of record upon the records of the County Court of Jackson County in June, 1931, a judgment against plaintiff which is now in full force and effect and subsisting as a judgment of said Court adjudging plantiff to be a person of unsound mind.

"(4) That said defendants at no time had jurisdiction over the person of plaintiff or over the subject matter of · cases of insanity, but notwithstanding same they and each of them wrongfully, illegally, maliciously and unconstitutionally entered and caused to be entered of record aforesaid judgment against plaintiff and caused a warrant to be issued thereunder to the Sheriff of Jackson County commanding said Sheriff to arrest and commit plaintiff to State Hospital No. 2, and pursuant to said warrant plaintiff was arrested and taken to said hospital whereat and wherein he was confined for about six months against his will and wishes, all to his great damage in the sum of $25,000.00.

"Wherefore, plaintiff prays damages in the sum of $25,000.00 and his costs herein expended."

The motions to dismiss were sustained on two grounds, towit, (1) that said "petition fails to state any claim upon which ▮▮▮ relief can be granted"; and (2) that "it appears from the face of plaintiff's petition that plaintiff's alleged cause of action, if any, is barred by the statute of limitations."

Appellant assigns error on the court's action in sustaining the motions on each of the grounds mentioned. He contends that "the respondents, as judges of the Jackson County Court, had no jurisdiction over the subject matter of insanity cases, hence they were usurpers of probate jurisdiction." Appellant's position is that, under the constitution of this state, all jurisdiction over insane persons, "rich and poor alike," is vested in the Probate Courts; that the so-called "County Court Statutes," particularly, Secs. 9321, 9335, and 9358 R. S. 1939, deny "due process" and "equal protection," and that the Act embodying the "County Court Statutes," Secs. 9321-9359 R. S. 1939, "is a special law, contrary to every concept of a republican form of government." Appellant further contends that his action was instituted within the time allowed by Sec. 1020 R. S. 1939.

Respondents contend (1) that, under the constitution and statutes, the county court of Jackson County of which they were members had jurisdiction of the subject matter of the cause in which the judgment in question was entered [Downey v. Schrader, 353 Mo. 40, 182 S. W. (2d) 320]; (2) that, since the county court had jurisdiction of the subject matter, respondent Judges acted as judicial officers and as such are not civilly liable in damages because of the judgment they rendered (Ussery v. Haynes, 344 Mo. 530, 127 S. W. (2d) 410); and (3) that the action is barred by limitations, Sec. 1016 R. S. 1939.

██ If the motions to dismiss the cause were properly sustained on either of the grounds mentioned, supra, the judgment should be affirmed. The issue presented by appellant's first assignment of error was considered and ruled against appellant's contention by the Court en Banc in Downey v. Schrader, supra. Even if it had not been so decided, appellant would be barred by limitations. As stated, appellant to avoid the statute of limitations relies upon the provisions of Sec. 1020 R. S. 1939, which is as follows: "If any person entitled to bring an action in this article specified, at the time the cause of action accrued be either within the age of twenty-one years, or insane, . . . such persons shall be at liberty to bring such actions within the respective times in this article limited after such disability is removed."

Appellant points to the allegations of paragraph 3 of his petition and says that "a condition of mind . . . once found to exist by a court is presumed to continue until the court or some other has found it has changed"; that it appears from the face of the petition "that there was a judgment of insanity which was . . . in full force and effect"; that appellant is entitled to "every presumption of fact and inference" contained in his petition; that he is "entitled to the beneficial disability of insanity" because he was "estopped by the record of said judgment" to deny that he had been "adjudged insane"; that the matter of the condition of his "mind was res adjudicata"; that a status of "continuing disability" was established; and that, in view of the recorded judgment, there was notice to the whole world that the named individual was insane. Appellant does not allege that he was insane or otherwise expressly plead facts to bring his action within the provisions of Sec. 1020, supra. Appellant relies solely upon the allegations with reference to the said judgment as being a sufficient allegation of fact to toll the applicable statute of limitations and defeat the motions to dismiss.

Does the petition show upon its face that appellant's action if any, is barred by limitations? The alleged judgment was entered in June 1931, a warrant was issued thereunder and appellant was arrested and confined in State Hospital No. 2 for about six months against his will and wishes. This action was not instituted until November 1944.

We find no practical difference between a "failure to state a claim upon which relief can be granted" (Civil Code, Laws 1943, p. 375, Sec. 66) and a failure to state a cause of action, as formerly understood. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25. Whether the court erred in sustaining the motions to dismiss depends upon whether the petition contains a "statement of facts showing that the pleader is entitled to relief." Code of Civil Procedure, Laws 1943, p. 369, Sec. 36. It is generally true that a plaintiff must allege the ultimate facts which must be proven in order to entitle him to recover. Hutcherson v. Thompson, 343 Mo. 884, 123 ▮ S. W. (2d) 142, 146; Rositzky v. Rositzky, 329 Mo. 662, 46 S. W. (2d) 591, 595; Lawson v. Higgins, 350 Mo. 1066, 169 S. W. (2d) 881. In determining whether the petition states facts "showing that the pleader is entitled to relief," we must consider the petition as a whole, with all of its several allegations. Benner v. Terminal R. R. Assn. of St. Louis, 348 Mo. 928, 156 S. W. (2d) 657, 660; State ex rel. Peet v. Ellison (Mo. Sup.), 196 S. W. 1103, 1106. We may disregard general allegations which are disproven by specific allegations. Dritt v. Snodgrass, 66 Mo. 286, 296. The construction of the petition must be such "as to do substantial justice." Civil Code, Laws 1943, p. 373, Sec. 57. If it clearly appears from the face of the petition that appellant's cause of action, if any, is barred by the applicable statute of limitations, the motion to dismiss was properly sustained. Woodruff v. Shores, 354 Mo. 742, 190 S. W. (2d) 994.

The general allegations of paragraph 3 of the petition with reference to the alleged judgment do not stand alone, but are immediately followed by other allegations, towit, "that said defendants at no time had jurisdiction over the person of plaintiff or over the subject matter of cases of insanity, but notwithstanding same they and each of them wrongfully, illegally, maliciously and unconstitutionally entered and cause to be entered of record aforesaid judgment against plaintiff . . . " When paragraph 3 of the petition is read with paragraph 4, the allegation that the judgment "is now in full force and effect and subsisting as a judgment of said court" is totally nullified, contradicted and destroyed. If there was no "jurisdiction over the person of plaintiff or over the subject matter of cases of insanity," there was and could be no judgment "in full force and effect and subsisting as a judgment of said court." The judgment could not be "in full force and effect and subsisting " for the purpose of creating a "status," or "the beneficial disability of insanity," and at the same time be such a nullity that the arrest and confinement of appellant thereunder could be the basis of liability. If the judgment was at all times in full force and effect, valid and subsisting as a judgment of the county court, it was not wrongfully, illegally and unconsti-

tutionally entered and there could be no liability to appellant on account of his arrest and confinement thereunder. Proof of one of the allegations would necessarily disprove the other. Where the allegations of a petition are mutually contradictory and self destructive no cause of action is stated. Rutledge v. The Missouri Pacific Ry. Co., 110 Mo. 312, 318, 19 S. W. 38; Koewing v. Greene County Building & Loan Assn. of Springfield, 327 Mo. 680, 38 S. W. (2d) 40, 42. Assuming a cause of action is otherwise stated, the petition contains no sufficient allegations of fact to bring appellant within the provisions of Sec. 1020, supra, and toll the applicable statute of limitations. The allegation concerning the "subsisting judgment" upon which appellant relies to bring his action within the statute is destroyed by. the subsequent allegations. The motions to dismiss were properly sustained. Woodruff v. Shores, supra.

In view of the conclusions we have reached on the merits of the issue presented, respondents' motion to dismiss the appeal is overruled.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.