758 S.W.2d 177 (1988)
J.D., Plaintiff-Appellant,
v.
M.F., Defendant-Respondent.
No. 53986.
Missouri Court of Appeals, Eastern District, Division II.
September 6, 1988.
Motion for Rehearing and/or Transfer Denied October 19, 1988.
Susan M. Hais, Clayton, for plaintiff-appellant.
Gary Carroll Stribling, Jr., Ziercher & Hocker, Clayton, for defendant-respondent.
Before STEPHAN, P.J., and DOWD and PUDLOWSKI, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied October 19, 1988.
STEPHAN, Presiding Judge.
Appellant challenges the order of the trial court granting summary judgment in favor of respondent. We affirm.
Appellant asserts that from 1959, and more or less continuously until 1972, she was sexually abused by her father. The acts of abuse included a discussion regarding sex, kissing, touching, caressing and other physical contact. None of the alleged acts of sexual abuse constituted sexual intercourse, and there is no allegation that any act of abuse occurred after 1972.
Appellant turned twenty-one on June 7, 1976. She filed her petition for relief on April 1, 1985, approximately nine years later. Respondent filed a motion to dismiss because the suit was filed out of time. The *178 court denied the motion. After months of discovery, respondent filed a second motion, this time requesting summary judgment, because the statute of limitations had run on appellant's claim. The trial court granted the motion for summary judgment.
Appellant raises only one point on appeal. She alleges that the trial court erred in granting summary judgment because she came within the ten year statute of limitations, § 516.110 RSMo, 1986. We disagree.
We note at the outset that time did not commence running on appellant's cause of action until June 7, 1976, the day she reached her majority. § 516.170 RSMo, 1986.
Appellant's petition prays for monetary damages for her personal injury because of sexual abuse and debauchery at the hands of her father. She argues that this suit is governed by § 516.110 RSMo, 1986, which reads as follows:
Within ten years:
(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property;
(2) Actions brought on any covenant of warranty contained in any deed of conveyance of land shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in such deed, and actions on any covenant of seizin contained in any such deed shall be brought within ten years after the cause of action shall accrue;
(3) Actions for relief, not herein otherwise provided for.
This statute is applicable to a cause of action arising out of a contract in writing for the payment of money or property and actions "not herein otherwise provided for."
Contact with the body is offensive if it offends a reasonable sense of personal dignity. Restatement (Second) of Torts, § 19 (1965). If someone has taken indecent liberties with the person of a female without her consent and against her will, that person is guilty of an indecent assault. Edmisten v. Dousette, 334 S.W.2d 746, 752 (Mo.App.1960). (emphasis supplied) The statute of limitations for assault and battery is two years. § 516.140 RSMo, 1986.
Even if sexual abuse is not assault and battery, appellant is still time-barred. Tort actions which are not specifically enumerated by name in other sections come under § 516.120(4), which provides:
Within five years:
(4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated. (emphasis supplied)
This is a suit for personal injury, a tort. Appellant is seeking monetary damages for agoraphobia, expenses relating to medical care, loss of earning power and emotional distress. These are damages designed to compensate personal injuries. Such actions are covered by the five year statute of limitations. Farwig v. City of St. Louis, 499 S.W.2d 388, 389 (Mo.1973).[1]
The evidence indicates that appellant was attempting to recover damages for her personal injuries. We do not decide which statute, § 516.140 or § 516.120(4), applies. In either case, appellant's suit is timebarred; summary judgment was proper.
The judgment of the trial court is affirmed.
PUDLOWSKI, C.J., and DOWD, J., concur.
NOTES
[1] If we were to consider this as a suit for intentional infliction of emotional distress, the five year statute still applies in that intentional infliction of emotional distress constitutes a suit sounding in tort for the recovery of personal injuries. LaBrier v. Anheuser Ford, Inc., 612 S.W.2d 790, 793 (Mo.App.1981).