Margaret M. SHEEHAN, Appellant,

v.

Leroy E. SHEEHAN, Respondent.

No. 77372.

Supreme Court of Missouri,
En Banc.

June 20, 1995.

Rehearing Denied July 25, 1995.

Mitchell B. Martin, Kansas City, for appellant.

Vance C. Premon, Kansas City, for respondent.

BENTON, Judge.

Margaret M. Sheehan sued her father Leroy E. Sheehan for damages, alleging childhood sexual abuse. The circuit court dismissed the petition as beyond the statute of limitation. Because Margaret contests the validity of that statute, this Court has jurisdiction. *Mo. Const. art. V, § 3.* Reversed and remanded on other grounds.

*I.*

On April 28, 1993, Margaret filed her petition, asserting that Leroy abused her as a

child, and that as a result, she "sustained and suffered and continues to sustain and suffer ... consequential injuries and damages...."

The petition stated:

> Plaintiff involuntarily repressed conscious memory of the aforedescribed events [the alleged abuse] throughout her childhood and young adulthood until August 1990 or thereafter.

The circuit court granted Leroy's motion to dismiss based on § 516.120(4) RSMo 1986, reasoning that Margaret's claim accrued while she was a minor but was not brought by June 7, 1989, five years after her 21st birthday. *§ 516.170 RSMo Supp.1992.*[1]

## II.

◼ In her petition, Margaret alleges— once in one word—that Leroy's conduct was "fraudulent." On appeal, she attempts to invoke the longer statute of limitation for fraud, § 516.120(5) RSMo 1986. However, the petition states no facts with particularity that support the elements of fraud. *See State ex rel. PaineWebber, Inc. v. Voorhees,* 891 S.W.2d 126, 128 (Mo. banc 1995). This Court thus need not address the limitation period for fraud.

## III.

◼ The crux of this case is a cluster of statutes of limitation, both new and old. Of the recent statutes, § 537.046.2 requires a plaintiff alleging "childhood sexual abuse" to sue

> within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.

Section 537.046.2 "shall apply to" suits "commenced on or after August 28, 1990." *§ 537.046.3.* In *Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 340–42 (Mo. banc 1993), this Court ruled that § 537.046.3 did not apply to those suits filed on or after August 28, 1990, that were barred by other statutes of limitation before August 28, 1990.

Another recent statute, § 516.371, states in total:

> Notwithstanding any provision of law to the contrary, there shall be a ten-year statute of limitation on any action for damages for personal injury caused to an individual by a person within the third degree of affinity or consanguinity who subjects such individual to sexual contact, as defined in section 566.010, RSMo.

*Doe* did not discuss this statute (because familial abuse was not alleged there). However, by the logic of *Doe,* § 516.371 can apply only to suits not barred on its effective date of August 28, 1989. *See 1989 Mo.Laws 1044, S.B. 420 § 1; Doe,* 862 S.W.2d at 341.

The alleged abuse in this case occurred before the effective dates of §§ 537.046.2 and 516.371. Therefore, this Court must determine whether Margaret's suit was barred by a statute of limitation before the new laws took effect.

Prior to August 28, 1989, two statutes of limitation controlled claims for childhood sexual abuse by a family member: § 516.140 RSMo 1986, the two-year statute for assault or battery, and § 516.120(4) RSMo 1986, the five-year statute applicable to "any other injury to the person." *Doe,* 862 S.W.2d at 339; *J.D. v. M.F.,* 758 S.W.2d 177, 178 (Mo.App. 1988). Which of these two statutes applies depends on the facts alleged. In this case, Margaret pleads that Leroy committed numerous batteries—unlawful intentional touchings that are harmful or offensive—and numerous assaults—unlawful attempts or threats to injure with the ability to do so under circumstances creating a fear of imminent peril. *See Martin v. Yeoham,* 419 S.W.2d 937, 946 (Mo.App.1967); *Adler v. Ewing,* 347 S.W.2d 396, 402–03 (Mo.App.1961). Thus, prior to August 28, 1989, her claims were subject to the two-year limitation period of § 516.140 RSMo 1986.

◼ A cause of action for battery or assault is deemed to accrue not "when the wrong is done ..., but when the damage resulting therefrom is sustained and is capable of ascertainment...." *§ 516.100 RSMo 1986.* Damage is ascertainable when the fact

---

1. Unless noted otherwise, all further statutory references are to RSMo Supp.1992.

of damage "can be discovered or made known," not when a plaintiff actually discovers injury or wrongful conduct. *Chemical Workers Basic Union, Local No. 1744 v. Arnold Savings Bank,* 411 S.W.2d 159, 163–65 (Mo. banc 1966); *Jepson v. Stubbs,* 555 S.W.2d 307, 312–13 (Mo. banc 1977); *Dixon v. Shafton,* 649 S.W.2d 435, 438–39 (Mo. banc 1983). When damage is ascertainable is an objective determination. *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 860–61 (Mo.App.1984).

## IV.

■ In dismissing the petition, the circuit court determined that the fact of damage was ascertainable before Margaret turned 21. When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes "on its face and without exception" that it is barred. *International Plastics Development, Inc. v. Monsanto Co.,* 433 S.W.2d 291, 294 (Mo. banc 1968); *Hall v. Smith,* 355 S.W.2d 52, 55 (Mo.1962); *Devault v. Truman,* 354 Mo. 1193, 194 S.W.2d 29, 32 (1946). This Court must "allow the pleading its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to the plaintiff." *Martin v. Crowley, Wade and Milstead, Inc.,* 702 S.W.2d 57, 57 (Mo. banc 1985).

■ Margaret's petition does not clearly indicate on its face and without exception that suit was barred before the effective dates of §§ 537.046.2 and 516.371. She alleges that Leroy's conduct caused "consequential injuries and damages." The petition does not state the date Margaret "sustained and suffered" these injuries and damages; it is ambiguous as to when she objectively could have discovered or made known the fact of damage. The only date alleged is that she "involuntarily repressed conscious memory" of the abuse "until August 1990 or thereafter." Construing the allegations of the petition broadly and favorably to Margaret, her damage may not have been ascertainable "until August 1990 or thereafter."

In support of dismissal, Leroy cites cases decided by summary judgment, where matters outside the pleadings indicated when damage became ascertainable. *See Swartz v. Swartz,* 887 S.W.2d 644, 651 (Mo.App.1994);

*Vandenheuvel v. Sowell,* 886 S.W.2d 100, 104 (Mo.App.1994); *J.D. v. M.F.,* 758 S.W.2d at 178. In this case—decided on a bare motion to dismiss—there is no such record evidence. *See Rule 55.27(b).* The petition should not have been dismissed by the circuit court.

## V.

The judgment of the circuit court is reversed, and the case is remanded for further proceedings consistent with this opinion.

COVINGTON, C.J., and THOMAS, LIMBAUGH, and ROBERTSON, JJ., concur.

HOLSTEIN, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of HOLSTEIN, J.

HOLSTEIN, Judge, dissenting.

I respectfully dissent. The majority correctly states that the standard for the commencement of the running of a statute of limitations is when the damages are reasonably capable of ascertainment; *Chemical Workers Basic Union v. Arnold Savings Bank,* 411 S.W.2d 159 (Mo. banc 1966). As such, a petition may not be dismissed unless it clearly establishes "on its face and without exception" that it is barred. *Int'l Plastics Dev., Inc. v. Monsanto Co.,* 433 S.W.2d 291, 294 (Mo. banc 1968). While it is true that many states follow a "reasonable person" interpretation which makes whether damages are ascertainable a jury question, Missouri follows an objective test which is decided as a matter of law by the trial judge. *Id.; see Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 860–61 (Mo.App.1984). A cause of action accrues, for limitations purposes, when a party can first ascertain the fact that she has been damaged, even though she cannot yet discover the precise amount of her damages. *Lehnig v. Bornhop,* 859 S.W.2d 271, 273–74 (Mo.App.1993).

In this case the last act of sexual abuse is alleged to have occurred when the plaintiff was 14 years of age. There is no claim that she was mentally incompetent. Under the objective ascertainment standard, the question becomes whether a reasonable 14-year-old female subjected to a sexual assault could

have discovered or known that she has been damaged at the time of the attack. This objective standard does not ask whether a 14–year–old female, who later suffers from dissociative amnesia, could recall the fact that she has been assaulted, upon reaching her 21st birthday. I cannot agree with the majority's conclusion that "[t]he petition does not state the date [plaintiff] 'sustained and suffered' these injuries and damages" nor its conclusion that "it is ambiguous as to when [the plaintiff] objectively could have discovered or made known the fact of damage." Here, as a matter of law, a reasonable 14–year–old competent female should be held to know that she has been damaged at the time she is sexually assaulted, even though she does not know the precise extent of her damages. By contrast, a younger child or one who is incompetent might not know that she has been damaged.

Applying this objective standard, it does not matter that this particular plaintiff may have subjectively suffered from dissociative amnesia concerning the event in question. From the facts of the plaintiff's petition and applying the objective ascertainment standard, her cause of action is barred by the applicable statute of limitations. For this reason, I would affirm the decision of the trial court.