**L.M.S., Plaintiff/Appellant,**

v.

**N.M. and V.P., Defendants/Respondents.**

**No. 67811.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 12, 1995.

Douglas A. Forsyth, Clayton, for appellant.

Herbert K. Hoffman, Clayton, for respondents.

GRIMM, Judge.

In this case, an adult daughter sued her parents for sexual abuse which allegedly occurred when she was a child. Daughter obtained service on father, but not on mother.

Father filed a motion to dismiss, alleging the applicable statute of limitation had run. On March 30, 1995, the trial court granted father's motion, relying on *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338 (Mo. banc 1993).

Daughter appeals. On June 20, 1995, the Missouri Supreme Court decided *Sheehan v. Sheehan*, 901 S.W.2d 57 (Mo. banc 1995). That decision compels us to reverse and remand for further proceedings.

## I. Background

Daughter was 29 years old when she filed her petition in June, 1993. In her petition, she alleges that when she was between 4 and 8 years old, father "sodomized, sexually assaulted, sexually abused, or otherwise committed sexually deviant acts upon [her]."[1]

Daughter's petition states she "began a course of psychiatric psychological therapy and treatment" in November, 1992. During that therapy, daughter alleges she "first recalled that she had been sexually abused during her childhood." Until that time, daughter claims she repressed any memory of these events.

She further alleges that she timely filed her action. Her petition cites three statutes of limitation, §§ 537.046, 516.100, and 516.170.[2]

## II. Statutes of Limitation

Although daughter's brief sets out three points on appeal, she basically argues the trial court erred in applying *Doe* to the facts of this case. In *Doe*, the supreme court considered § 537.046.

Paragraphs 2 and 3 of § 537.046 state:

2. In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by sexual abuse, whichever later occurs.

3. This section shall apply to any action commenced on or after August 28, 1990, including any action which would have been barred by the application of the statute of limitation applicable prior to that date.

---

1. Daughter alleges her mother "knew of, consented to, or acquiesced" in father's sexual abuse of her.

2. All statutory references are to RSMo1994.

The supreme court held that subsection 3 "clearly contravenes the constitutional prohibition against retrospective laws." *Doe*, 862 S.W.2d at 342. Expiration of the applicable statutes of limitation creates a vested right in favor of defendants to be free from suit. *Id.* Therefore, to the extent that § 537.046 authorizes suits which were time barred before August 28, 1990, it is unconstitutional. *Id.*

That holding, daughter contends, does not preclude this action. She argues that her cause of action was not barred before the legislature enacted § 537.046 in 1990.

She constructs her argument by pointing out that an assault or a battery has a two year statute of limitation. § 516.140. However, she argues, that two year limitation is tolled by § 516.100. That section provides, "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, *but when the damage resulting therefrom is sustained and is capable of ascertainment.*" (emphasis added).

Based on these statutes, daughter contends her damage resulting from father's actions was not capable of ascertainment until her memories began to emerge in November, 1992. She argues that the statute of limitation did not begin to run against her until then. Thus, daughter concludes her action was not barred before August 28, 1990, the effective date of § 537.046.

The facts in *Sheehan* are similar to these. In *Sheehan*, the plaintiff alleged childhood sexual abuse. Apparently, the last sexual abuse occurred in 1977 when plaintiff was 14 years of age. *Sheehan*, 901 S.W.2d at 58, 59. She repressed memory of the abuse until August, 1990, when she was 27 years old. *Id.* She filed her lawsuit on April 28, 1993. *Id.* at 57.

The *Sheehan* court stated, "When damage is ascertainable is an objective determination.... When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes 'on its face and without exception' that it is barred.... This Court must 'allow the pleading its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to the plaintiff'." *Id.* at 59. (citations omitted).

The *Sheehan* court construed the plaintiff's allegations "broadly and favorably" to the plaintiff. *Id.* Under such a construction, an allegation of ascertaining damages in "August 1990 or thereafter" leaves open the possibility that the plaintiff's suit was not barred prior to the effective date of the statute of limitation. Thus, the court reversed the trial court's dismissal of the petition.

*Sheehan* requires us to reach the same conclusion. Her damage may not have been ascertainable until November 1992. Her petition, filed in June, 1993, may be timely. Therefore, the trial court erred in granting father's motion to dismiss.

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

AHRENS, P.J., and PUDLOWSKI, J., concur.