## IV.

The judgments of the trial court are affirmed.

All concur.

**K.G., Appellant,**

v.

**R.T.R., Respondent.**

No. 78475.

Supreme Court of Missouri,
En Banc.

March 26, 1996.

Rehearing Denied April 23, 1996.

---

Mitchell B. Martin, Kansas City, for Appellant.

Thomas B. Weaver, Wilbur L. Tomlinson, St. Louis, for Respondent.

HOLSTEIN, Chief Justice.

Plaintiff K.G. appeals from an order dismissing her petition in which she alleged that her father subjected her to offensive sexual touching as a child. The trial court concluded that the tort alleged was an action for battery subject to a two-year statute of limitations, § 516.140,[1] that had expired. The trial court further concluded that because statutes extending the limitation of actions involving child sexual abuse, §§ 516.371 and 537.046, became effective after the battery limitations period had expired, those statutes did not revive the battery cause of action. Following opinion by the Missouri Court of Appeals, Eastern District, this Court granted transfer. The judgment is affirmed.

**I.**

In reviewing the circuit court's dismissal of a petition, the Supreme Court determines if facts pleaded and inferences reasonably drawn therefrom state any ground for relief, treating facts averred as true and construing averments liberally and favorably to the plaintiff. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes "on its face without exception" that the action is barred. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995).

Here the petition asserts that the plaintiff was born January 18, 1965. Plaintiff alleges that between the approximate ages of three and seven years she was "intentionally, negligently and unlawfully subjected to sexual contact ... by defendant...." The specific allegations of sexual contact are the defendant engaged in a "sexually motivated touching and manipulations of plaintiff's genitals with his mouth and fingers." Each of defendant's alleged acts are claimed to be felonies including child molestation, § 566.060, sexual abuse, § 566.100, and incest, § 568.020.

Plaintiff alleges that she involuntarily repressed conscious memory of these events until January of 1989 and had no conscious memory of the identity of the perpetrator until December of 1990.

The petition continues:

That as a direct and proximate result of the willful, wanton, malicious, negligent per se, reckless, selfish, outrageous, unlawful and felonious actions and conduct of defendant as aforesaid, plaintiff sustained and suffered and continues to sustain and suffer the following consequential injuries and damages, to wit:

a) Severe emotional and psychological injury, distress, anguish, fear and insecurity;

b) Poor self-esteem, poor self-confidence, feelings of self-hate, worthlessness, self-disgust, self destructive inclinations, choices, tendencies and behaviors;

---

**1.** All references to statutes are to RSMo 1994 unless otherwise noted.

c) Childhood without sense of safety and security, emotionally distressful memories of childhood commensurate therewith;

d) Substantial expenses incurred for reasonable and necessary medical and psychological hospitalization, treatment, counseling and therapy.

## II.

The trial court found that the facts alleged are sufficient to support an independent tort of battery. That tort is subject to a two-year limitations period. § 516.140. Because the action accrued while K.G. was a minor, the statute of limitations was tolled until her twenty-first birthday. § 516.170. Thus, the trial court concluded the two-year statute of limitations provided for in § 516.140 expired on plaintiff's twenty-third birthday, January 18, 1988. This action was filed September 10, 1993.

Although not raised in any point in the plaintiff's brief, a preliminary question arises as to whether the trial court's conclusion that the battery statute of limitations expired two years after plaintiff's twenty-first birthday is correct. In *Sheehan, supra,* this Court held that a cause of action for battery is deemed to accrue "when the damage is done and is capable of ascertainment," and further that in cases of involuntary repressed memory, the date the injury occurs may be later in time than the battery. 901 S.W.2d at 58–59, *citing* §§ 516.100. and .140.[2]

■ Giving plaintiff's petition its broadest intendment, one might conclude that she first became aware of her injury in January, 1989, when she first recalled that she was sexually abused. Under *Sheehan,* it is the memory of the consequential injury and damages, not the memory of the identity of the perpetrator, that triggers the running of the two-year battery statute of limitation. 901 S.W.2d at 59. So construed, the statute of limitation for battery under the facts pled extends to January 1991. Since this action was not filed until September of 1993, the battery statute of limitations had expired.

■ However, both §§ 516.371 and 537.046 were enacted before the two-year limitation period expired. Because those two statutes were enacted prior to expiration of the two-year battery limitation, they may operate to extend the statutory period for bringing the action. *See Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 341 (Mo. banc 1993).

■ Section 516.371, enacted in 1989, provides that the limitation of actions for incest shall be ten years. The provision relating to tolling for persons under twenty-one years of age of § 516.170 is not applicable to § 516.371, and the provision of § 516.100, relating to accrual of causes of action when damages are ascertainable, is also not applicable to the statute of limitation for incest found in § 516.371. Nothing in § 516.371 suggests that the running of the statutory period is triggered by accrual of damage or injury. Thus, that statute begins running at the time of the act of incest unless otherwise tolled.

Even if it is assumed that the ten-year statute began to run only after plaintiff was no longer disabled to sue because of minority, she lost that disability on her eighteenth birthday, January 18, 1983. § 507.115. Thus, under § 516.371, plaintiff's cause of action would be barred not later than January 18, 1993. The petition was not filed until September 10, 1993.

The other statute of limitations upon which plaintiff would have us rely is § 537.046, enacted in 1990. In relevant part, it provides:

In any civil action for a recovery of damages suffered as a result of childhood sex abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by childhood sex abuse, whichever later occurs.

**2.** It is remarkable that plaintiff failed to assert any objection to the correctness of the trial court's conclusion that the battery statute of limitation expired two years after plaintiff's twenty-first birthday. Equally remarkable is that neither *Sheehan* nor § 516.100 is cited in her brief. *Sheehan* was decided more than five months prior to the filing of plaintiff's brief in this Court.

Five years from the date of plaintiff's eighteenth birthday was January 18, 1988. In addition, three years after she discovered the injury or illness was January of 1992. Again, her petition was filed September 10, 1993. The limitation period of § 537.046 had expired when the petition was filed.

### III.

Plaintiff asserts that she has stated a cause of action for intentional infliction of emotional distress and that the cause of action is subject to the general five-year limitation on actions for injury to the person not otherwise provided for. *§ 516.120(4)*. Although her brief does not fully articulate the issue, it is arguable that under *Sheehan*, plaintiff's damages did not accrue until January 1989. Section 516.100 is applicable in determining the accrual of causes of action under the five-year general statute of limitations on personal actions. That would extend plaintiff's time for filing until January 1994. We must determine if plaintiff has stated a cause of action to which the general five-year limitation is applicable.

■ Missouri has recognized a cause of action for intentional infliction of emotional distress. "In order to state an emotional distress claim, the plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. banc 1993); *see also Restatement (Second) of Torts, § 46*. Intentionally subjecting a young child to sexual contact is unquestionably extreme and outrageous conduct. However, the claim for intentional infliction of emotional harm will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff or intended to cause bodily harm. *See Restatement (Second) of Torts, § 47*.

In *Nazeri, supra*, the plaintiff predicated a claim for intentional infliction of emotional distress on a defamatory statement. This Court said,

> This tort ... does not lie when the offending conduct consists **only** of defamation. ... Damages for mental suffering are recoverable in a slander action ... thus any recovery for emotional distress as an independent tort would duplicate part of the recovery for a slander claim arising out of the same conduct ... a separate emotional distress claim could be supported by pleading some additional wanton and outrageous act of the defendant, other than an attendant defamatory expression. However, appellant has not done so in her petition.

*Nazeri*, 860 S.W.2d at 316 (emphasis in original).

■ It has been held that where one's conduct amounts to the commission of one of the traditional torts, such as battery, and the conduct was not intended only to cause extreme emotional distress to the victim, the tort of intentional emotional distress will not lie, and recovery must be had under the appropriate traditional common law action. "Where the actor's tortious conduct in fact results in the invasion of another legally protected interest, as where it inflicts bodily harm ... emotional distress, caused either by the resulting invasion or by the conduct may be a matter to be taken into account in determining damages." *Restatement (Second) of Torts, § 47, comment b*. Applying that section of the Restatement, it has been held that where one's conduct amounts to the commission of one of the traditional torts, such as battery, and the conduct was not intended only to cause extreme emotional distress to the victim, the tort of intentional emotional distress will not lie, and recovery must be had under the appropriate traditional common-law action. *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App.1993); *see e.g. Nazeri*, 860 S.W.2d at 316. The rationale behind this rule is that the tort of intentional infliction of emotional distress is a relative newcomer to the common law. As such, it was intended to supplement existing forms of recovery, not swallow them. *Rigazio, supra*.

■ The facts alleged will not support an inference that R.G.'s sole purpose in manipulating his daughter's genitalia with his mouth and fingers was to invade the then three- to seven-year-old daughter's interest

in freedom from emotional distress. As alleged, defendant's purpose for committing the offensive touching was sexual gratification. He invaded his daughter's legally protected interest of being free from harmful or offensive contact. Contact with the genitals of a child for the purpose of sexual gratification is clearly offensive contact and is a battery. *Sheehan v. Sheehan*, 901 S.W.2d at 58; *J.D. v. M.F.*, 758 S.W.2d 177, 178 (Mo.App. 1988). While recovery for emotional distress caused by battery may be allowable as an element of damages in a battery action, there is no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon a battery.

■■■ Moreover, the policy of this state is to limit actions for battery to two years after damage or injury are reasonably ascertainable, except as such period might be tolled or extended by other provisions in the statutes. Where, as here, no cause of action for the intentional infliction of emotional harm would exist but for the allegations of the commission of a battery, § 516.140 is the applicable statute of limitations. Many battery actions, particularly those involving sexual contact, involve an offensive touching that is extreme and outrageous and may result in emotional distress. Nevertheless, such actions are at their core an action for battery. To hold that the specific two-year statute was not applicable would evade a clearly expressed legislative policy.

### IV.

■■■ Plaintiff further argues that she has alleged a claim for negligent infliction of emotional harm. To plead an action for negligent infliction of emotional harm, a plaintiff must allege the duty exists, that the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress, and the distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant. *Bass v. Nooney*, 646 S.W.2d 765, 772–73 (Mo. banc 1983); *see also Turner v. General Motors Corp.*, 750 S.W.2d 76, 78 (Mo.App.1988).

■■■ Again, the allegations of the pleadings before this Court do not support a claim that the father acted negligently. The allegations are that he engaged in offensive sexual contact by manipulating his daughter's genitals with his mouth and fingers for the purpose of sexual gratification. While he may not have intended the specific emotional harm alleged, sexual contact is the lynchpin of plaintiff's claim. In the context of this case, sexual contact is a touching of the child's genitals for the purpose of arousing or gratifying sexual desire. *§ 566.010(3).* While the tort of negligent infliction of emotional distress is subject to the general five-year limitation period of § 516.120(4), RSMo 1986, this Court finds only a conclusion in the petition that defendant acted negligently. The specific allegations contradict any possibility that the defendant's conduct was mere negligence.

### CONCLUSION

As a matter of law, the only cause of action asserted in K.G.'s petition is one for battery. The statute of limitation applicable to battery, even as extended by later enacted sexual abuse statutes of limitation, had expired. The trial court's dismissal of the petition as time-barred is affirmed.

All concur.