**Mary Ann STUMPF, Plaintiff/Appellant,**

v.

**Audrey HOERLE, Defendant/Respondent.**

No. 68559.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 6, 1996.

Application to Transfer Denied
June 25, 1996.

---

Richard F. Sharrard, Blunt and Shum, Edwardsville, IL, for Appellant.

Sharon Wilkes, Richard C. Homire, Homire & Wilkes, P.C., St. Louis, for Respondent.

SIMON, Judge.

Mary Ann Stumpf, plaintiff, appeals the granting of a motion to dismiss in favor of Audrey Hoerle, defendant, in a personal injury action contending that the trial court erred in granting the motion because the statute of limitations did not bar her claim. We affirm.

When reviewing the grant of a motion to dismiss, all facts alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable intendment. *Sheehan v. Sheehan,* 901 S.W.2d 57, 59[4, 5] (Mo. banc. 1995). On December 6, 1989, plaintiff slowed down for a vehicle that was stopped ahead of her when defendant's vehicle ran into the rear of plaintiff's vehicle.

On December 7, 1994, plaintiff filed a petition seeking damages for her personal injuries, alleging that the collision occurred on December 7, 1989; and

> That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the defendant's vehicle collided with the Plaintiff's vehicle causing severe and permanent injuries to the Plaintiff's neck, back, and the muscles, nerves and tissues of Plaintiff's body; ...

On January 10, 1995, plaintiff filed her first amended petition containing essentially the same allegations, but amending the date of the collision to December 6, 1989.

On February 3, 1995, defendant filed a motion to dismiss, alleging that the plaintiff's petition was filed on December 7, 1994, more than five years after the collision on December 6, 1989 and was barred by § 516.120 RSMo.1994 (all references hereinafter shall be to RSMo.1994 unless otherwise indicated).

Plaintiff responded by filing a memorandum of law, supported by an affidavit, contending that her injury was not capable of ascertainment until December 7, 1989, when she first experienced stiffness and pain. Therefore, the five year statute of limitations did not start until that date. The motion to dismiss was granted.

In her point on appeal, plaintiff contends that the trial court erred in granting

the motion to dismiss. It is not disputed that the plaintiff's personal injury claim is governed by the five-year statute of limitations, § 516.120. However, plaintiff contends that her injuries were not capable of ascertainment until December 7, 1989, and pursuant to § 516.100, the five year statute did not begin to run until December 7, 1989. However, plaintiff did not plead that in her petition, but asserted it by affidavit supporting her memorandum in opposition to the motion to dismiss.

■ Reviewing a motion to dismiss, we examine the pleadings and not materials outside the pleadings. *Sheehan*, 901 S.W.2d at 59[6]. In *Sheehan*, a daughter sued her father for damages, alleging child sexual abuse and that the father's conduct caused "consequential" injuries and damages. *Id.* at 57[6]. In reviewing a grant of a motion to dismiss, our Supreme Court held that the petition did not clearly indicate on its face and without exception that her suit was barred before the effective dates of the relevant statutes, §§ 537.046.2 and 516.371. *Id.* at 59[6]. The Court further stated that the petition did not state the date the daughter "sustained and suffered" these injuries and damages. *Id.* Therefore, the petition was ambiguous as to when she could have discovered them. *Id.*

Here, in plaintiff's petition and first amended petition, plaintiff alleges that as a "direct and proximate result" of defendant's negligence, she suffered severe and permanent injuries. Her pleadings are not ambiguous as to when she sustained her injuries. Rather, it is clear from the petition that her injuries were sustained on December 6, 1989, the date of the collision. Since her petition was not filed until December 7, 1994, more than five years after the date of the collision, her personal injury claim is barred by the statute of limitations, § 516.120. Therefore, the trial court did not err in granting defendant's motion to dismiss.

Judgment of the trial court is affirmed.

AHRENS, P.J., and PUDLOWSKI, J., concur.