United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2186

_____

Linda Holman,                                    *
                                                 *
          Appellee,                              *
                                                 *
     v.                                          *
                                                 *
National Postal Mail Handlers Union,             *
A division of Laborers' International            *   Appeal from the United States
Union of North America, AFL-CIO;                 *   District Court for the
Local #297, National Postal Mail                 *   Western District of Missouri.
Handlers Union,                                  *
                                                 *        **[UNPUBLISHED]**
          Defendants,                            *
                                                 *
Phillip W. Binns,                                *
                                                 *
          Appellant.                             *

_____

Submitted:  July 3, 1997
    Filed:   July 7, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Phillip Binns appeals the district court's[1] entry of default judgment against him, and the court's award of damages and attorney's fees to plaintiff Linda Holman in her action alleging state law battery and a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17.

Although Binns correctly argues that Holman could not hold him liable in his individual capacity under Title VII following the court's dismissal of the Union defendants, see Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994), we conclude it was within the district court's discretion to retain supplemental jurisdiction over Holman's battery claim against Binns. See 28 U.S.C. § 1367(a), (c)(3); Baker v. Farmers Elec. Coop., Inc., 94 F.3d 274, 283 (5th Cir. 1994).

We find no abuse of discretion in the district court's entry of default judgment here, given Binns's failure to answer the complaint or otherwise defend this action. See Fed. R. Civ. P. 55; Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (standard of review).

We conclude the award of damages to Holman was proper and supported by adequate foundation. We also conclude that--contrary to Binns's assertions on appeal-- the district court was not required to hold an evidentiary hearing before assessing the amount of out-of-pocket medical expenses, as they were capable of ascertainment from definite figures in Holman's affidavit, and Binns did not contest the amounts set forth there. See Fed. R. Civ. P. 55(b)(2) (court may conduct evidentiary hearing if necessary to determine amount of damages).

We further conclude the district court properly assessed a reasonable amount of damages for mental suffering without specific proof of Holman's anguish and

---

[1]The HONORABLE D. BROOK BARTLETT, Chief Judge, United States District Court for the Western District of Missouri.

humiliation.  See K.G. v. R.T.R., 918 S.W.2d 795, 799 (Mo. 1996)  (en banc) (offensive touching of sexual nature is battery; damages for mental suffering are recoverable for battery); Prange v. Prange, 755 S.W.2d 581, 592 (Mo. Ct. App. 1987) (no fixed measure or standard available to trier of fact in determining damages for pain and suffering; in case involving assault and battery, mental anguish and humiliation are proper elements of damages, as they are necessary and natural consequences of tort, and  may be inferred from character of injuries even though not pleaded and without specific proof).

Binns correctly argues, however, that attorney's fees are not generally recoverable in Missouri in tort actions.  See Rook v. John F. Oliver Trucking Co., 505 S.W.2d 157, 161 (Mo. Ct. App. 1973); see also Phil Crowley Steel Corp. v. Sharon Steel Corp., 702 F.2d 719, 721 (8th Cir. 1983).

Accordingly, we affirm the district court's judgment in all respects, except that we vacate the award of attorney's fees.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-