Mercedes M. GLOVER, Plaintiff–
Appellant,

v.

Glenn PALMER, L & E Martin Oil Co.,
Inc., Larry Martin, Gary Hall, and
Hall and Martin, a Partnership, De-
fendants–Respondents.

No. 25550.

Missouri Court of Appeals,
Southern District.

March 30, 2004.

Max H. Glover, Joplin, for appellant.

John Nicholas, Blanchard, Robertson,
Mitchell & Carter, P.C., Joplin, for respon-
dents.

KENNETH W. SHRUM, Judge.

Mercedes Glover ("Plaintiff") appeals a
judgment that dismissed with prejudice

her suit against several defendants for an alleged battery.[1] The trial court ruled that Plaintiff's suit was time barred by section 516.140.[2] On appeal, Plaintiff urges reversal by claiming that the time prescribed by section 516.140 did not commence until she learned the full extent of her injuries. Finding no merit in this argument, this court affirms.

On July 28, 2000, Plaintiff was working at a convenience store, when one of the Defendants (Palmer) walked behind the counter where Plaintiff was working. According to her petition, Plaintiff asked Palmer to leave "since he had been told in the past to keep out of that area." After they exchanged "words," Palmer pushed Plaintiff backward, and she struck her lower back against an electrical box. Plaintiff alleged that as a result of the "battery," she sustained injuries "to her entire spine and all of her internal organs, to all her muscles, ligaments, bones, sinews, arteries and blood vessels." [3] Plaintiff further alleged that she did not discover the full extent of her injuries until "early 2002" after two visits to the Mayo Clinic in Minnesota.

Plaintiff's first petition was filed October 15, 2002, more than two years after the alleged battery occurred. Later, Plaintiff filed an amended petition on February 24, 2003. The court's dismissal of the amended petition is the focus of this appeal.

When Defendants moved for dismissal of Plaintiff's petition, they relied on section 516.140. Section 516.140, when read in conjunction with section 516.100, provides that an action for battery must be commenced within two years "after the action shall have accrued." Section 516.100 clarifies that "the cause of action shall not be deemed to accrue when the wrong is done . . ., but when the damage resulting therefrom is sustained and is capable of ascertainment."

■ Before the trial court, and now on appeal, Defendants argue that the time limitation for Plaintiff's "battery" suit began to run as soon as the incident happened. In response, Plaintiff insists that the time limitation imposed by section 516.140 did not commence to run until she learned the full extent of her injuries, and since she did not acquire that knowledge until early 2002, her petition was timely filed; therefore, the trial court erred when it ruled otherwise.

In ordering dismissal, the trial court agreed with Defendants, i.e., it ruled that the face of Plaintiff's petition showed that the time limit prescribed by section 516.140 commenced on July 28, 2000 (the date of the alleged battery); consequently, the petition (first filed on October 15, 2002) was not timely filed. This appeal by Plaintiff followed.

■ When a statute of limitations is raised as a defense, the petition may not be dismissed unless it clearly shows on its face and without exception that the cause of action is time barred. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59[4] (Mo.banc 1995). In reviewing such a dismissal, an appellate court must determine if the facts pleaded and inferences reasonably drawn therefrom state any ground for relief. *Braun v. Petty*, 31 S.W.3d 521, 523[4] (Mo.App.

1. Plaintiff named the following as defendants: Glenn Palmer, Larry Martin, Gary Hall, L & E Martin Oil Co., Inc., and Hall and Martin Partnership. Collectively, we call them "Defendants." Individually, we refer to them by their surnames.

2. All statutory references are to RSMo (2000), unless otherwise stated.

3. Apparently, other Defendants were sued on a "respondeat superior" theory, i.e., that Palmer was employed by them at the time of this incident.

2000). We must also treat the facts averred as true and construe all the averments liberally and favorably to the plaintiff. *Id.*

Plaintiff's petition, on its face, clearly established that Palmer committed the battery on July 28, 2000, and as a result, Plaintiff called the police. She alleged she suffered numerous internal injuries from the battery. Plaintiff also alleged that "[t]he *extent of the injuries* to [her] back were not discovered or discoverable until January 2001" and the internal injuries were not discoverable until "early 2002." (Emphasis supplied.) Even so, this latter allegation does not save Plaintiff's case from dismissal. This follows because "[d]amage is sustained and capable of ascertainment [as that phrase is used in section 516.100] when the damage can be discovered or made known, even if the extent of the damage remains unknown." *Day v. deVries and Associates, P.C.*, 98 S.W.3d 92, 96 (Mo.App.2003). "All possible damages do not have to be known, or even knowable, before the statute accrues." *Klemme v. Best*, 941 S.W.2d 493, 497[16] (Mo.banc 1997). "Damages are 'capable of ascertainment' within the meaning of § 516.100 when the aggrieved party first realizes that it will sustain damage." *Polytech, Inc. v. Sedgwick James of Missouri, Inc.*, 937 S.W.2d 309, 311[2] (Mo. App.1996). "The term is held to refer to the fact of damage, not the precise amount." *Id.*

Here, Plaintiff's petition, on its face, clearly showed that the battery occurred

on July 28, 2000, and that she sustained *some* damage on that date. She contacted the police at that time because she knew she had been harmed to some extent. Regardless of the *extent* of her damages, the time limitations for filing her suit began to accrue on July 28, 2000. The first petition was not filed until October 15, 2002, which was more than two years from the date that her damages were sustained and capable of ascertainment. The trial court did not err when it dismissed her petition on the basis of the two-year statute of limitations.[4]

The judgment of the trial court is affirmed.

RAHMEYER, C.J.-P.J., and BATES, J., concur.

---

4. In reaching our conclusion, we have not ignored Plaintiff's reliance on *Sheehan*. We find *Sheehan* inapposite because the face of the petition alleged that the damages were not ascertainable until August 1990 because the plaintiff involuntarily repressed memories of childhood sexual abuse. *Sheehan*, 901 S.W.2d at 58–59. The court was required to take those allegations as true because it "decided [the case] on a bare motion to dismiss."

*Id.* at 59. Here, Plaintiff's petition conclusively and unambiguously established when she suffered some damage capable of ascertainment. The *Sheehan* rationale does not extend beyond the parameters of that case, namely, the repression of an abused's memories which precluded the discovery of *any* damages. *See H.R.B. v. Rigali*, 18 S.W.3d 440, 443–46 (Mo.App.2000).