Judith L. VANDENHEUVEL, Appellant,

v.

Joyce C. SOWELL, Personal Rep. of the Estate of J. Thomas Porter, Deceased, Respondent.

No. WD 49014.

Missouri Court of Appeals, Western District.

Aug. 30, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1994.

Application to Transfer Denied Nov. 22, 1994.

Timothy J. Pringle, Overland Park, KS, for appellant.

James T. Buckley, Sedalia, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

## PER CURIAM:

This case involves the question of whether an action for childhood sexual abuse, brought by a woman against her deceased father's estate, is barred by the statute of limitations. Judith Vandenheuvel, plaintiff, sued her father's estate for sexual abuse which allegedly occurred during her childhood. Plaintiff appeals from the trial court's grant of summary judgment in favor of defendant, Joyce Sowell, personal representative of J. Thomas Porter's estate, finding that plaintiff's cause of action was barred by the statute of limitations.

Judgment is affirmed.

Plaintiff alleges that her deceased father sexually abused her at various times unknown to plaintiff before she reached the age of eighteen years. She further claims that she psychologically repressed her memory of the abusive acts because of fear of physical harm which her father threatened to inflict if she disclosed his conduct to anyone. Plaintiff's father died in March 1993. Plaintiff was 48 years old when she filed her petition on October 4, 1993. Plaintiff contends that she was unable to know or ascertain the existence of the alleged acts or nature of the alleged injuries until after her father's death and the opening of the probate of his estate.

The trial court entered summary judgment in favor of defendant and held that a battery action accrues when the damage resulting from the battery is sustained and is capable of ascertainment and that in this case, the alleged injuries were sustained and capable of ascertainment at the time of the battery. Thus, the court found plaintiff's claim barred by the two-year statute of limitations found in § 516.140, RSMo 1986 governing actions for battery.

Plaintiff asserts that the trial court erred in ruling that her claim was ascertainable as a matter law and barred by the statute of limitations because a genuine issue exists as to when plaintiff ascertained her injury. She contends that such a determination is fact intensive and may involve expert opinion from a psychologist or a psychiatrist.

Section 516.140 provides a two-year statute of limitations period for battery. This section must be read in conjunction with § 516.100, which provides:

Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is *sustained and is capable of ascertainment*, and, if more than one item of damage, then the last item, so that all

resulting damage may be recovered, and full and complete relief obtained.

(Emphasis added). We have not been supplied with citation to Missouri decisions holding that claims of sexual abuse of minors are governed by the statute of limitations applicable to battery actions, but defendant asserts, and plaintiff concedes, that the two year limitations period applies in this case. Plaintiff argues, however, that the damage caused by the sexual abuse was not "capable of ascertainment" until after her father's death. Also, plaintiff claims that a newly enacted statute for victims of childhood sexual abuse extends the statute of limitations in this case. In 1990, the legislature enacted a new provision, § 537.046, RSMo Supp.1992, which extends the statute of limitations in cases of childhood sexual abuse. The second paragraph of that section provides:

In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.

In *Doe v. Roman Catholic Diocese,* 862 S.W.2d 338 (Mo. banc 1993), the court considered whether this new legislation could operate retrospectively to revive a cause of action which had previously been barred by the expiration of the applicable limitations period. The court held that the right to be free from suit, having already vested upon the expiration of the limitations period, was a substantive right which, under article I, section 13 of the Missouri Constitution, could not now be affected by the newly adopted legislation. The court affirmed the trial court's dismissal of the petition of the plaintiff in that case. In view of the ruling of the court that § 537.046 cannot be applied retrospectively to revive a cause of action which had already been extinguished, plaintiff cannot avoid dismissal of her claim in this case unless her cause of action remained potentially viable at the time the new statute was adopted, and unless her injuries had not been discovered, and could not reasonably have been discovered, by October 4, 1991.

First, we examine whether her cause of action remained potentially viable at the time of the adoption of the new statute in 1990. To answer this question we must first determine when, under the general law of limitations, her damage was "capable of ascertainment." Some states have applied the "occurrence rule" when faced with this question. *Carr v. Anding,* 793 S.W.2d 148, 150 (Mo. App.1990). In those states, the statute begins to run at the moment the wrongful act is committed. Other states follow the "discovery rule." Under that rule, the limitations period begins to run when the injury or damage is discovered. *Id.* This test was specifically rejected by the Missouri Supreme Court in *Jepson v. Stubbs,* 555 S.W.2d 307, 312 (Mo. banc 1977). Missouri has adopted a "middle-of-the-road" test in determining when damage has been sustained and is capable of ascertainment. *Carr,* 793 S.W.2d at 150. This is an objective test decided as a matter of law by the trial judge. *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 861 (Mo.App. 1984). This test has not been precisely defined by Missouri courts, although the courts have given us some insight into its meaning. *Id.* at 860.

In construing § 516.100, the courts have held that damage is capable of ascertainment at the time when plaintiff could have first maintained the action to a successful suit. *Id.* This occurs when the damage *"can be* discovered or made known." *Carr,* 793 S.W.2d at 150 (emphasis in original). The statute of limitations begins to run when plaintiff's right to sue arises. *Anderson,* 684 S.W.2d at 860–61. This is the point when fact of damage is *"capable of ascertainment,* although not actually discovered or ascertained." *Carr,* 793 S.W.2d at 150 (emphasis in original). "A general charge of ignorance at one time and of subsequent knowledge at another, as well as mere silence, is insufficient to toll the statute." *Chemical Workers Basic Union, Local No. 1744 v. Arnold Savings Bank,* 411 S.W.2d 159, 164–65 (Mo. banc 1966). Furthermore, the requirement that damages be sustained and capable of ascer-

tainment does not change the tenet that when an injury is complete as a legal injury, the period of limitations commences at once. *Janssen v. Guaranty Land Title Co.,* 571 S.W.2d 702, 705 (Mo.App.1978).

Plaintiff claims that the alleged sexual abuse occurred before she reached the age of majority. Section 516.170 tolls the statute of limitations period in this case until plaintiff reached majority. In determining whether the trial court correctly granted a summary judgment motion, we review the entire record in the light most favorable to the party against whom the judgment was entered. *Irwin v. Wal–Mart Stores, Inc.,* 813 S.W.2d 99, 101 (Mo.App.1991). We must remember that the determination of when damage is sustained and capable of ascertainment is an objective standard determined as a matter of law by the trial judge. *Anderson,* 684 S.W.2d at 861.

Many states, like Missouri, have enacted statutes extending the limitation period for childhood sexual abuse cases. Before state legislatures began extending the statute of limitations for these cases, some adopted the discovery rule, a more liberal rule than Missouri's "middle-of-the-road" test. Those courts that did adopt the liberal rule applied it almost exclusively to negligence cases and avoided applying it to intentional tort cases because of the belief that in most intentional tort cases, the wrongful conduct and the resulting harm occur simultaneously. Zackin, *The Discovery Rule and Father–Daughter Incest: A Legislative Response,* 29 B.C. L.Rev. 941 (1988). One commentator discussing this situation suggested:

> Courts hesitate to apply the discovery rule to intentional torts even where the victim was blamelessly ignorant of his or her injuries, for fear that the exceptions to statutes of limitation would swallow the rule, leaving potential defendants forever at risk. Because legislatures classify childhood sexual assault as an intentional tort, courts generally do not apply the discovery rule to toll the limitations period. Therefore, until legislatures recognize incestuous abuse as a unique tort and apply an appropriate statute of limitations in such cases, most civil incest claims will be barred forever.... To prevent the discovery rule from nullifying statutes of limi-

tations, courts should not extend the rule to intentional torts. Rather, legislatures should extend the limitations period for incestuous abuse claims statutorily.

*Id.* Courts and commentators which have discussed this issue recognize that allowing a plaintiff to bring an action based solely on the recollection of very old incidents that were allegedly repressed from consciousness, with no means of independently verifying the memory repression, would effectively eliminate the statute of limitations. This would give a plaintiff unlimited time to bring an action, while the facts tend to become increasingly difficult to determine as the age of the alleged incident increases. The potential for spurious claims is increased and the capability of the court to determine the truth would be significantly reduced, particularly when the alleged perpetrator is deceased. *See* Annotation, *Emotional or Psychological "Blocking" or Repression as Tolling Running of Statute of Limitations,* 11 A.L.R. 5th 588 (1993) (citing *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986)). Whether the limitations period should be extended for such abuse claims is a matter subject to legislative determination. The legislature is entitled to balance the values and societal interests at stake in such a determination. Missouri's new legislation extends the time in which childhood sexual abuse claims may be brought. *See* § 537.046. The new legislation does not resurrect an old claim which was barred already under prior law. *Doe v. Roman Catholic Diocese,* 862 S.W.2d 338 (Mo. banc 1993). Plaintiff claims, however, that repression of memory operated to toll the running of the statute, even under prior law.

■ Plaintiff's claim is governed by the old law, §§ 516.100 and 516.140, the law in effect prior to enactment of § 537.046. Section 516.100 does not state that accrual of the cause of action is postponed until discovery of the wrongful act, but instead the section provides only that accrual is postponed until the damage resulting from the wrongful act is sustained and is capable of ascertainment. *Chemical Workers,* 411 S.W.2d at 164. The trial court determined that plaintiff's damage was capable of ascertainment, and the limitations period expired, prior to the date § 537.046 was enacted. Plaintiff alleges her

father repeatedly and at various times before she was eighteen years of age, committed acts of sexual abuse upon her in secret. Applying the objective test, the trial court could reasonably have found that the damage from the alleged abuse was sustained and capable of ascertainment at the time of the abuse. If repressed memory would have extended the statute of limitations under the law prior to § 537.046, the legislature would not have believed there was any need to enact § 537.046. Also, the Missouri Supreme Court would not have needed to decide the issue of retrospectivity in *Doe v. Roman Catholic Diocese,* unless the claim of plaintiff Doe had been barred under the prior statutory plan.[1] We conclude that the accrual of a cause of action for battery is not extended under § 516.100 due to repression of memory. Plaintiff's claim is barred by the two-year statute of limitations found in § 516.140. Since plaintiff was a minor at the time of the alleged abuse, the statute of limitations was tolled until plaintiff reached majority, and expired two years later. We conclude that in this case the trial court did not err in finding plaintiff's claim barred by the statute of limitations and granting summary judgment in favor of defendant. Judgment is affirmed.

---

1. Plaintiff–Appellant in that case did not address the issue of whether his action was time-barred under §§ 516.100 and 516.140. *Doe,* 862 S.W.2d at 340, n. 3. Nevertheless, if his action were not time-barred under these statutes, there would have been no "case or controversy" before the Missouri Supreme Court because it would have been unnecessary to decide whether § 537.046 was retrospective in effect.