**H.R.B. and B.B.,
Plaintiffs/Respondents,**

v.

**Archbishop Justin RIGALI, in his representative capacity for the Archdiocese of St. Louis, Defendant/Appellant.**

**No. ED 76365.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2000.

Application for Transfer Denied
June 27, 2000.

Gerald T. Noce, Edward M. Goldenhersh, Bernard C. Huger, Mary P. McInnis, Mark J. Swearingen, St. Louis, for appellant.

Rebecca M. Randles, Kansas City, Stanley Spero, Cambridge, MA, for respondents.

ROBERT E. CRIST, Senior Judge.

Archbishop Justin Rigali of the Archdiocese of St. Louis (Archbishop) appeals from the judgment of the trial court after a jury entered a verdict in favor of H.R.B. (Plaintiff) and his wife B.B. (Wife) on their claims of intentional failure to supervise and loss of consortium. We reverse.

On September 30, 1994, Plaintiff and his wife filed a petition alleging that during 1963 and 1964, Plaintiff suffered sexual abuse at the hands of a Roman Catholic priest, J.L.G. (Priest), employed by the Archdiocese, while Plaintiff was a student at the Church of the Immaculate Conception School in south St. Louis City. Plaintiff was born on April 24, 1951. Plaintiff initially brought three counts against Priest and five counts against the Archbishop and the Church of the Immaculate Conception, as well as one count loss of consortium count against all the defendants. Wife brought one loss of consortium count against all defendants. On February 22, 1995, the trial court dismissed the petition on the motion of all defendants. At that time, Plaintiff appealed this decision and our court affirmed in part and reversed in part the dismissal in *H.R.B. v. J.L.G.*, 913 S.W.2d 92 (Mo.App. E.D.1995).

After the case returned to the trial court, several procedural rulings (from which no one appeals) reduced the case to several counts against Priest, one count of intentional failure to supervise against the Archbishop and the church, and Wife's loss of consortium claim. On February 20, 1999, Plaintiff and Wife settled their claims against Priest for $25,000 and released him from liability.

Plaintiff's claim of intentional failure to supervise and Wife's loss of consortium claim proceeded to trial against the Archbishop and the church on February 22–26, 1999. The trial court entered a directed verdict in favor of the church, but allowed the case against the Archbishop to proceed to the jury. The jury entered a verdict in favor of Plaintiff on the count of intentional failure to supervise for actual damages in the amount of $498,280 and punitive damages of $498,280. The jury also returned a verdict in favor of Wife in the amount of $200,000 for loss of consortium. The trial court reduced the amount of

actual damages awarded Plaintiff by the $25,000 settlement with Priest. The Archbishop appeals.

We find Point I of the Archbishop's appeal to be dispositive. In Point I, the Archbishop contends the trial court erred in failing to grant a directed verdict in favor of the Archbishop and erred in failing to grant his motion for judgment notwithstanding the verdict because Plaintiff's claim for intentional failure to supervise is barred by the statute of limitations as set forth in section 516.120(4), RSMo 1994 and section 516.100, RSMo 1994. The Archbishop argues that the court should have determined as a matter of law that Plaintiff's claim was barred by the statute of limitations and should never have submitted the issue to the jury, because when damages are capable of ascertainment under section 516.100 is a question of law. Moreover, under the facts presented, the Archbishop asserts the evidence shows Plaintiff's damages were capable of ascertainment back when he suffered the sexual molestation in the summer of 1964. We agree.

The parties are in agreement that the statute of limitations, section 537.046, RSMo 1994, applying to civil actions for childhood sexual abuse, enacted in 1990 does not apply to the facts of their case. Therefore, Plaintiff's action for intentional failure to supervise can only survive if brought within the five-year statute of limitations set forth in section 516.120(4).

 Under section 516.100, the five-year statute of limitations for Plaintiff's cause of action began to run "when the damage resulting therefrom is sustained and is capable of ascertainment." In enacting this test, Missouri has specifically rejected a "discovery" rule to determine when a cause of action accrues. *Harris–Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo.App. E.D.1998). Damage is sustained and capable of ascertainment when it can be discovered or made known, not when the plaintiff actually discovers the injury or wrongful conduct. *Id.* In addition, the capable of ascertainment test

is to determine when a plaintiff could have first maintained the action to a successful suit. *Carr v. Anding*, 793 S.W.2d 148, 150 (Mo.App. E.D.1990). "Mere ignorance of the plaintiff of his cause of action will not prevent the running of the statute of limitations." *Id.; See also, Vandenheuvel v. Sowell*, 886 S.W.2d 100, 102 (Mo.App. W.D. 1994).

 Moreover, whether or not the damages were sustained and capable of ascertainment at a given time is an objective standard and is a matter of law to be decided by the judge. *Id.; Sheehan v. Sheehan*, 901 S.W.2d 57, 58–59 (Mo. banc 1995). Only where there could be some contradictory or ·different conclusion to be drawn from the evidence will a statute of limitations question be submitted to the jury to decide. *Lomax v. Sewell*, 1 S.W.3d 548, 552–53 (Mo.App. W.D.1999).

 In the case at hand, there was no question of fact for a jury to decide because no contradictory or different conclusion could be drawn from the evidence. Applying an objective standard, it is clear that Plaintiff's damages were sustained and capable of ascertainment in 1964 when they occurred. Where an overt sexual assault occurs, the injury and damage resulting from the act are capable of ascertainment at the time of the abuse. Plaintiff's testimony demonstrated in no unequivocal terms that the sexual abuse was overt, traumatic, painful and violent. Moreover, his testimony shows that he was very much aware of his injury and damages at the time of each sexual assault. He specifically testified he felt pain and confusion and questioned why the abuse was happening to him. In addition, there is no evidence in the record to show that Plaintiff was mentally incompetent at the time of the assaults. The only tolling exception applying in his case under section 516.170, RSMo 1994, was the "minority" exception, which tolled his cause of action until he was 21. However, even applying that exception, Plaintiff was required to file his cause of action by the

time he was 26 (April 24, 1977), not 17 years after that date.

Plaintiff argues that he repressed any memory of these events until October 1992 and his repression of memory should toll the statute of limitations until that date. Plaintiff testified that after the attacks, he went to an area park and cried. He stated that while at the park he placed himself in a trance and suppressed his memory of the pain and abuse. However, his testimony shows that, at the time the acts were perpetrated, he had full knowledge of the events and knew they were wrongful. It was at that moment that Plaintiff's damage was sustained and capable of ascertainment. Plaintiff's expert, Dr. Schwartz, testified that even after the trances, Plaintiff was aware he had been injured and damaged in some way, but did not know why. Dr. Schwartz stated:

When Hank was sexually abused, he would go to the park, would disassociate. When he disassociated, he said this didn't happen and then he believed it didn't happen. That system is very common. Maybe two-thirds of sexual abuse victims hold forth very similar experiences like that.

He then somehow knows it, doesn't know it. Meaning that he knows that he's injured and damaged in some way, but he doesn't know why. His memory won't allow him to remember that it is [Priest] that sexually abused him.

Plaintiff relies upon the *Sheehan* case to support his argument. In *Sheehan*, the trial court had dismissed a daughter's personal injury action against her father for childhood sexual abuse, finding it barred by the statute of limitations. *Sheehan*, 901 S.W.2d at 57. The daughter had alleged she suffered sexual abuse as a child and had involuntarily repressed conscious memory of it until August 1990 or thereafter. *Id.* at 58. The daughter had filed her petition on April 28, 1993. *Id.* The Supreme Court reversed, finding the daughter's petition did not clearly indicate on its face that her suit was barred. *Id.* at 59. The Court found that her petition was ambiguous as to when she had sustained her injuries and damages and that in construing the petition broadly and in her favor, her damage may not have been ascertainable until August 1990 or thereafter. *Id.*

We do not read *Sheehan* as creating an exception to the statute of limitations. The holding in *Sheehan* is narrow, relating only to the case where the Court found the plaintiff had made sufficient allegations, construing them broadly and favorably toward the plaintiff, to survive a dismissal on the petition. In the case at hand, we are concerned with fully developed facts after trial; facts which unequivocally show Plaintiff's injury and damages were readily capable of ascertainment when they occurred. In addition, the Supreme Court in *Sheehan* never explicitly held that repression of memory would absolutely toll the statute of limitations under sections 516.100 and 516.120.

Indeed, the *Sheehan* court did not overrule an opinion from the Western District of the Missouri Court of Appeals, *Vandenheuvel*, 886 S.W.2d at 100. The Court simply distinguished it, noting that it was a case decided by a summary judgment, where matters outside the pleadings indicated when the damage became ascertainable. *Sheehan*, 901 S.W.2d at 59. In *Vandenheuvel*, the plaintiff brought an action for childhood sexual abuse against her deceased father's estate. *Vandenheuvel*, 886 S.W.2d at 100. She contended that she was unable to know or ascertain the nature of her injuries until after her father's death because she had repressed all memory of them. *Id.* at 101. The Western District, applying the objective "capable of ascertainment" test found the trial court "could reasonably have found that the damage from the alleged abuse was sustained and capable of ascertainment at the time of the abuse." *Id.* at 104. The Court found that plaintiff's repression of memory did not toll the running of the statute of limitations under section 516.100. *Id.*

■ In *Vandenheuvel,* the court discussed the need for statutes of limitation as follows:

> Courts and commentators which have discussed this issue recognize that allowing a plaintiff to bring an action based solely on the recollection of very old incidents that were allegedly repressed from consciousness, with no means of independently verifying the memory repression, would effectively eliminate the statute of limitations. This would give a plaintiff unlimited time to bring an action, while the facts tend to become increasingly difficult to determine as the age of the alleged incident increases. The potential for spurious claims is increased and the capability of the court to determine the truth would be significantly reduced, particularly when the alleged perpetrator is deceased.

*Id.* at 103. We agree with the reasoning in *Vandenheuvel* and believe it has not been overruled by the Supreme Court's decision in *Sheehan.* In addition, we are constrained to follow the policy determination set out by the legislature in section 516.120. This determination is the legislature's prerogative and it is not the place of the judiciary to fashion an exception to the statute's clear language. *See, Weiss v. Rojanasathit,* 975 S.W.2d 113, 121 (Mo. banc 1998). In the case at hand, Plaintiff's own testimony shows that his damages were sustained and capable of ascertainment at the time of the abuse.

In another recent case, the Supreme Court addressed the issue of repressed memory of childhood sexual abuse. *K.G. v. R.T. R.,* 918 S.W.2d 795 (Mo. banc 1996). In *K.G.,* the trial court dismissed a daughter's petition alleging her father had sexually abused her as a child as barred by the two-year statute of limitations for battery in section 516.140. *Id.* at 797. The daughter was born on January 18, 1965, and had filed her petition in September 10, 1993. *Id.* at 797–98. She alleged that she had involuntarily repressed memory of the events until January 1989 and had no memory of the identity of the perpetrator until December 1990. *Id.* at 797. The Supreme Court affirmed the trial court's dismissal of her petition, finding it is the memory of the consequential injury and damages, not the memory of the identity of the perpetrator, that triggers the running of the two-year statute of limitation. *Id.* at 798.

Again, the Supreme Court failed to overrule *Vandenheuvel.* While recognizing that it was arguable under *Sheehan* that the plaintiff's damages did not accrue until she regained her memory, the Court never explicitly made such a ruling.

Moreover, we do not consider our holding today to be inconsistent with our opinion in the prior appeal in this case, *H.R.B.,* 913 S.W.2d at 92. This first appeal occurred after the trial court dismissed Plaintiff's petition as barred by the statutes of limitations in sections 516.120(4) and 537.046. *Id.* at 95. We reversed, following *Sheehan,* concluding that the petition's allegations were sufficient to survive a bare motion to dismiss, giving Plaintiff's petition its broadest intendment and construing it favorably to Plaintiff. *Id.* at 96. In so doing, we stated: "In other words, the petition is ambiguous enough as to when plaintiff could have objectively discovered or made known the fact of injury from defendant's alleged conduct, to withstand a motion to dismiss on limitations grounds. We must take all the allegations in the petition as true, suspending any skepticism as to the merits of plaintiff's allegations."

■ We are now in a position where full evidence on Plaintiff's allegations has been adduced. We conclude the evidence will not support a finding that Plaintiff's repression of his memory will toll the statute of limitations in section 516.120 and 516.100. Therefore, we find the trial court erred in failing to direct verdict in favor of the Archbishop and we must reverse the trial court's judgment in favor of Plaintiff. In addition, in Point IV, the Archbishop asks the Court to also reverse the judgment in favor of Wife for loss of consortium. A wife's claim for loss of consortium is derivative only, and she may not recover

any damages on a claim for loss of services if her husband has no valid claim for his personal injuries. *Davis v. Board of Educ. of City of St. Louis,* 963 S.W.2d 679, 688 (Mo.App. E.D.1998). Accordingly, the judgment in favor of Wife for loss of consortium must also be reversed.

We are mindful that, at times, the application of the statute of limitations may appear to produce a potentially unjust result. Yet, the statutes of limitations set by our legislature serve a legitimate purpose. Allowing a plaintiff unlimited time to bring an action increases the potential for spurious claims and decreases the court's or jury's ability to determine the truth. *Vandenheuvel,* 886 S.W.2d at 103. In addition, statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself or herself strictly within a claimed exception. *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19–20 (Mo. banc 1995). Plaintiff has failed to do so.

Judgment reversed.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.