**April RIDDER and Ernest Ridder, Plaintiffs–Appellants,**

v.

**Rudolph HIBSCH, Defendant–Respondent.**

**No. 24542.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2003.

W. Tom Norrid, William H. McDonald & Associates, P.C., Springfield, MO, for Appellants.

Paul D. Link, Husch & Eppenberger, L.L.C., Springfield, MO, for Respondent.

JAMES K. PREWITT, Judge.

On July 3, 2002, this court issued an opinion in this cause. On September 24, 2002, the Supreme Court of Missouri sustained an application for transfer to that court. On December 24, 2002, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

April and Ernest Ridder ("Plaintiffs" or "Plaintiff" when referring to April Ridder individually) appeal from summary judgment in an action for damages brought against Plaintiff's uncle, Rudolph Hibsch ("Defendant"). The petition was filed on June 26, 2000, three days prior to Plaintiff's twenty-eighth birthday, and alleges that Defendant "intentionally, negligently and unlawfully" subjected Plaintiff to sexual contact from the time she was approximately nine to twelve years old and was living "under the care, custody and control of Defendant." Specific counts within the petition include those for battery, intentional infliction of emotional distress, negligent infliction of emotional distress, childhood sexual abuse, and loss of consortium. The trial court granted Defendant's motion for summary judgment, finding that all of Plaintiffs' claims were barred by the statute of limitations. This appeal followed.[1]

Appellate review of the grant of summary judgment is "essentially *de novo.*" *Barge v. Ransom,* 30 S.W.3d 889, 890 (Mo. App.2000) (quoting *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993)). "Whether summary judgment was properly issued is a question of law, thus an

---

1. Ernest Ridder is alleged to be the husband of April Ridder. Whether he can state a legal claim of action against Defendant is not an issue presented here and this court expresses no opinion on this question.

appellate court does not defer to the trial court's order granting summary judgment." *Id.*

■ Plaintiffs' sole issue on appeal is that the trial court erred in sustaining Defendant's motion for summary judgment by failing to apply the appropriate statute of limitations. In particular, Plaintiffs claim that the statute of limitations was tolled for Plaintiff's infancy and had not yet expired on the date the suit was filed. To appropriately address Plaintiffs' arguments, we must consider various statutes of limitations, including § 516.371, RSMo Supp.1999, to which Plaintiffs draw our attention. However, other statutes of limitations are important to our discussion as well.

Four counts in the petition allege inappropriate acts by Defendant toward Plaintiff: battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and childhood sexual abuse. The fifth count is a loss of consortium claim brought by Plaintiff's husband, Ernest. For battery, the statute of limitations is two years. *See* § 516.140, RSMo Supp.1999; *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 339 (Mo.banc 1993). For intentional infliction of emotional distress and negligent infliction of emotional distress, if based on conduct independent of the battery claim, the statute of limitations is five years. *See* § 516.120(4), RSMo Supp.1999; *K.G. v. R.T.R.*, 918 S.W.2d 795, 799–800 (Mo.banc 1996).[2]

For tort causes of action listed under §§ 516.140, RSMo Supp.1999, and 516.120(4), RSMo Supp.1999, if a claimant is under the age of twenty-one at the time the tort cause of action accrues, the statute of limitations is tolled until the person reaches age twenty-one. *See* § 516.170, RSMo Supp.1999; *K.G.*, 918 S.W.2d at 798; *Swartz v. Swartz*, 887 S.W.2d 644, 650 (Mo.App.1994). There is no question in the case at bar that the tort actions accrued when Plaintiff was a minor (approximately nine to twelve years of age). In addition, there is no issue regarding repressed memories, or that the damage was ascertainable at some later date than the ages noted, which also may toll the statute of limitations. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo.banc 1995).

If no other statutes of limitations were applicable, Plaintiff's claim for battery would have expired when she reached age twenty-three and the claims for intentional infliction for emotional distress and negligent infliction of emotional distress would have expired, at the latest, when she turned twenty-six. However, there is precedent for allowing such causes of action to be brought within another statute of limitations, § 537.046, RSMo Supp.1999, so long as the statutes of limitations for the tort causes of action had not expired prior to the effective date of § 537.046, RSMo Supp.1999. *See Doe*, 862 S.W.2d at 342. Section 537.046, RSMo Supp.1999, allows the statute of limitations for "any civil action for recovery of damages suffered as a result of childhood sexual abuse," which occurs when the plaintiff was under the

---

**2.** Defendant argues that Plaintiffs' claims of intentional infliction of emotional distress and negligent infliction of emotional distress are dependent upon the same conduct as the battery claim. If correct, under such circumstances, the statute of limitations is two years. *K.G. v. R.T.R.*, 918 S.W.2d 795, 799–800 (Mo. banc 1996). However, we will not address whether Plaintiffs' petition alleges these claims based on the same or different conduct as our end result in the case is not dependent upon the resolution of that issue. Also, in our determination of whether the trial court correctly granted summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *Vandenheuvel v. Sowell*, 886 S.W.2d 100, 103 (Mo.App.1994).

age of eighteen, to be tolled until five years after the plaintiff turns eighteen or three years after the date the plaintiff discovers the injury or illness, whichever is later.

The effective date of § 537.046, RSMo Supp.1999, was August 28, 1990, and in the case at bar, the statutes of limitations for battery, intentional infliction of emotional distress, and negligent infliction of emotional distress would not yet have expired on that date, given that Plaintiff's date of birth was June 29, 1972. *See Doe*, 862 S.W.2d at 340. However, under § 537.046, RSMo Supp.1999, the statutes of limitations for the three noted tort actions would have expired when Plaintiff reached age twenty-three, which would be identical to the statute of limitations for battery under § 516.140, RSMo Supp.1999, as tolled by § 516.170, RSMo Supp.1999, but potentially three years less for intentional infliction of emotional distress and negligent infliction of emotional distress if assessed under § 516.120(4), RSMo Supp.1999, and tolled by § 516.170, RSMo Supp.1999. In such a situation, we would not apply § 537.046 if it would serve only to shorten the length of time in which claims may be brought. *See Swartz*, 887 S.W.2d at 650.

Section 537.046 is also the appropriate statute of limitations for the specific count of childhood sexual abuse. In the absence of any other tolling statute, and based on the facts in the record, Plaintiff's claim for childhood sexual abuse would have expired when she reached the age of twenty-three. Therefore, given the statutes of limitations considered thus far, all four of Plaintiff's claims would have been barred by the applicable statutes of limitations. As Plaintiff's husband's loss of consortium claim is only derivative of Plaintiff's claims, his claim automatically would have been rendered invalid if all of Plaintiff's claims

were time barred. *See H.R.B. v. Rigali*, 18 S.W.3d 440, 445–46 (Mo.App.2000).

However, Plaintiffs argue that none of the statutes of limitations applied in the above discussion are appropriate. They direct our attention to § 516.371, RSMo Supp.1999. Similar to § 537.046, RSMo Supp.1999, § 516.371, RSMo Supp.1999, can only apply to suits not barred before the statute's effective date, which was August 28, 1989. *See Sheehan*, 901 S.W.2d at 58. In the case at bar, none of the four tort causes of action brought by Plaintiff had expired at that time. Thus, § 516.371, RSMo Supp.1999, may be applied to the situation here. *See Id.* at 59. The statute states:

516.371. [RSMo Supp.1999] **Limitation on action for sexual contact by certain persons.** Notwithstanding any provision of law to the contrary, there shall be a ten-year statute of limitation on any action for damages for personal injury caused to an individual by a person within the third degree of affinity or consanguinity who subjects such individual to sexual contact, as defined in section 566.010 [RSMo Supp.1999].

Within their petition, Plaintiffs allege that Defendant is the uncle of Plaintiff, which is "within the third degree of affinity or consanguinity." *See* § 568.020, RSMo Supp.1999. Their petition also alleges that Defendant subjected Plaintiff to sexual contact, which is defined under § 566.010(3), RSMo Supp.1999, as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person."

Under § 516.371, RSMo Supp.1999, the statute of limitations for the actions related to the acts of sexual contact alleged to have been perpetrated by Defendant against Plaintiff is ten years. *See K.G.,*

918 S.W.2d at 798. According to Plaintiffs, under § 516.371, RSMo Supp.1999, the statutes of limitations for all claims would have been tolled until Plaintiff's eighteenth birthday. Defendant, however, argues that under § 516.371, RSMo Supp.1999, the statutes of limitations for all claims would have expired ten years after the alleged acts were committed, which would have been prior to the filing of the petition. All parties base their arguments on the *K.G.* case, or subsequent interpretations of it, decided by the Missouri Supreme Court in 1996, which is the latest, and the only, Missouri Supreme Court case to address this particular issue.

Within *K.G.*, the Court noted that, "Even if it is assumed that the ten-year statute began to run only after plaintiff was no longer disabled to sue because of minority, she lost that disability on her eighteenth birthday, January 18, 1983. § 507.115. Thus, under § 516.371, plaintiff's cause of action would be barred not later than January 18, 1993." *Id.* at 798. In *K.G.*, since the plaintiff had not filed her petition until September of 1993, the cause of action would have been time barred, even if the assumption stated by the Court were correct. *See id.*

The *K.G.* court also noted that Section 516.170, RSMo Supp.1999, which tolls the statute of limitations for certain causes of action until a claimant is twenty-one, is not applicable to § 516.371, RSMo Supp.1999, because it only applies to causes of action listed in §§ 516.100, RSMo Supp.1999, to 516.370, RSMo Supp.1999. *Id.* Therefore, the ten-year statute of limitations under § 516.371, RSMo Supp.1999, for Plaintiff's claims would not be tolled until she reached age twenty-one. Rather, "that statute [of limitations] begins running at the time of the act ... *unless otherwise tolled.*" *Id.* (emphasis added).

Thus, the Court did not specifically render an opinion on the issue of whether, under § 516.371, RSMo Supp.1999, the statute of limitations is tolled until a plaintiff reaches age eighteen. Plaintiffs point out to us that commentators have attributed such a conclusion to the case. *See* Sharon Lowenstein, *Missouri Limitation Period for Child Sexual Abuse,* J. Mo. BAR 288 (1997). Ms. Lowenstein states in her article that "[w]hen the alleged abuse occurred during childhood, the [ten]-year limitation ... runs from the plaintiff's eighteenth birthday." *Id.* She cites to the *K.G.* case for the assertion. *Id.* Defendant argues that the conclusion as stated in the article mistakes the *K.G.* court's dicta as a holding or conclusion on the issue.

Statutory construction is a question of law. *Burns v. Elk River Ambulance,* 55 S.W.3d 466, 484 (Mo.App.2001). "The primary rule of statutory interpretation requires this [c]ourt to ascertain the intent of the legislature by considering the language used while giving the words used in the statute their plain and ordinary meaning." *Benoit v. Missouri Highway and Transp. Comm'n,* 33 S.W.3d 663, 673 (Mo.App.2000). "Only when language is ambiguous, or when it leads to an illogical result, may courts look past the plain and ordinary meaning of the statute." *Carmack v. Missouri Dept. of Agric.,* 31 S.W.3d 40, 46 (Mo.App.2000).

Courts must avoid statutory interpretations that are unjust, absurd, or unreasonable. *Benoit,* 33 S.W.3d at 673. When considering § 516.371, RSMo Supp.1999, if the legislature did not intend for the statute to toll while a plaintiff was under the age of eighteen, then infants as young as six or seven could lose their right to sue in their own name before ever gaining the right to do so. *See* § 507.115. We are concerned by this result, which is the result to which *K.G.* leads.

The Western District examined rationales for extending the limitation period

for childhood sexual abuse cases in *Vandenheuvel v. Sowell*, 886 S.W.2d 100 (Mo. App.1994). The *Vandenheuvel* court noted:

> Because legislatures classify childhood sexual assault as an intentional tort, courts generally do not apply the discovery rule [a more liberal rule allowing the limitations period to run when the injury or damage is discovered] to toll the limitations period. Therefore, until legislatures recognize incestuous abuse as a unique tort and apply an appropriate statute of limitations in such cases, most civil incest claims will be barred forever.... To prevent the discovery rule from nullifying statutes of limitations, courts should not extend the rule to intentional torts. Rather, legislatures should extend the limitations period for incestuous abuse claims statutorily.

*Id.* at 103 (quoting Zackin, *The Discovery Rule and Father–Daughter Incest: A Legislative Response*, 29 B.C.L.Rev. 941 (1988)).

Section 537.046, a statute discussed earlier that has been applied to extend the statute of limitations for claims of childhood sexual abuse, specifically allows that a civil action for recovery of damages must commence, the later of, five years after Plaintiff reaches age eighteen or "within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse." It is apparent that the legislature wanted to create a separate statute of limitations for incest or other sexual conduct involving close family members. It also appears that the legislature felt that this type of contact by a close family member deserved a longer statute of limitations.

"Statutes of limitations are favored in the law." *H.R.B.*, 18 S.W.3d at 446. In addition, we are cognizant of the fact that "the statutes of limitations set by our legislature serve a legitimate purpose [and that] [a]llowing a plaintiff unlimited time to bring an action increases the potential for spurious claims and decreases the court's or jury's ability to determine the truth." *Id.* However, applying the statutes of limitations here, in conjunction with the holding and dicta from *K.G.*, does "appear to produce a potentially unjust result." *Id.* at 446.

We are compelled to follow precedent as established by the Missouri Supreme Court in *K.G.*, but note that we would decide the case at bar differently in the absence of *K.G.* Therefore, we are constrained from finding error in the trial court's granting of summary judgment in favor of Defendant and in its determination that all of Plaintiffs' claims were time barred.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.