Kimberly HARRIS, Appellant,

v.

Dale Franklin HOLLINGSWORTH,
Respondent.

No. WD 63095.

Missouri Court of Appeals,
Western District.

July 13, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 2004.

Application for Transfer Denied
Dec. 21, 2004.

Stephen G. Mirakian, Cheryl A. Pilate, Co–Counsel, Kansas City, MO, for appellant.

George E. Kapke, Independence, MO, for respondent.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH, and JAMES M. SMART, Jr., JJ.

JAMES M. SMART, JR., Judge.

This is an appeal of a dismissal of an action for civil damages filed by Kimberly Harris, who alleges she was the victim of childhood sexual abuse. The trial court dismissed plaintiff's action against her father, Dale F. Hollingsworth, on the grounds that the claims are barred by the statutes of limitations. Ms. Harris appeals.

## Factual Background

On May 1, 2002, Kimberly Harris filed a petition against her father, Dale F. Hollingsworth, the pertinent portions of which alleged the following:

1.  Her father sexually abused her from approximately 1971, when she was seven years old, to approximately 1978, when she was fourteen years old.

2.  The abuse included fondling, assault, rape, battery, oral sex and unconsented-to sexual intercourse.

3.  In addition to the sexual abuse, her father also inflicted other physical and emotional abuse on Ms. Harris.

4.  As a result of the abuse, Ms. Harris suffered emotional trauma, including fear, depression and anxiety "throughout her childhood and adolescence."

5.  As an adult Ms. Harris has also suffered the ongoing effects of the abuse.

6.  In June, 1999 [when plaintiff was approximately 35 years of age], Ms. Harris was diagnosed with major depression and post-traumatic stress disorder by a clinical psychologist. As a result of the evaluation and treatment provided her, she learned

that her psychological disorders were caused by the sexual and physical abuse inflicted by Hollingsworth during her childhood.

7. She did not remember the facts involved in the incidents any earlier than June 1, 1999.

The defendant moved to dismiss the petition on the grounds that her claims, filed more than 22 years after the last act of the alleged abuse, were barred by the applicable statutes of limitation. The trial court granted the motion to dismiss. Plaintiff appeals.

On appeal, plaintiff contends that the court erred in dismissing her cause of action because, even though she filed her action when she was approximately 37 years of age, the petition was filed less than three years after the date plaintiff "discovered or reasonably should have discovered" that her injuries or illness were caused by childhood sexual abuse. Plaintiff focuses on the language of section 537.046.2, adopted by the Missouri legislature in 1990, which adopted a new and specific limitations rule for claims of childhood sexual abuse. Under that statute, the victim has three years after he or she has discovered or reasonably should have discovered that the injuries or illness were caused by the sexual abuse. Relying on that statute, Ms. Harris contends that her cause of action did not accrue until June 1, 1999. Her petition was filed within three years thereafter. Thus, she asserts that it was timely under section 537.046.2.

Section 537.046, after defining the terms "childhood sexual abuse" and "injury or illness," provides as follows:

In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date that plaintiff attains the age of 18 or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.

Plaintiff alleges that she did not discover until June 1, 1999, that childhood sexual abuse caused her injuries. The petition does not, on its face, make clear that she "reasonably should have discovered" the causal connection earlier. Thus, if section 537.046 is applicable to this claim, the trial court erred in dismissing the petition.

First, however, we must determine whether her claim was arguably still viable when section 537.046 became effective. Section 537.046 does not apply retroactively to resuscitate claims that were already barred at the time it became effective. *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 342 (Mo. banc.1993). If the statute does not apply because the action in question was already barred prior to August 28, 1990, then plaintiff receives no benefit from section 537.046 and the cause of action remains barred. *Id.*

The petition shows that plaintiff was born in approximately 1964. Plaintiff would have attained the age of 21 years (the age of majority pursuant to section 516.170) in approximately 1984. At that time, the applicable statutes of limitation were section 516.140 (prescribing the statutes of limitation for battery); section 516.120 (prescribing the statutes of limitation for other personal injury); section 516.100 (specifying the test for determining the accrual of a cause of action); and section 516.170 (providing that the statute of limitations does not begin to run as to a minor until the attainment of the age of 21 years).[1]

1. Section 516.371, which provides that the

limitation on actions for incest shall be ten

■ Whether the two-year statute (for battery) or the five-year statute (for other personal injuries) applies depends upon the facts alleged. *Sheehan v. Sheehan,* 901 S.W.2d 57, 58 (Mo. banc 1995). Generally, acts of sexual abuse involve acts of touching, and hence are battery actions. *See id.; K.G. v. R.T.R.,* 918 S.W.2d 795, 797 (Mo. banc 1996). In this case, the petition itself and the recitation in plaintiff's brief[2] show that, as far as the claims of sexual abuse, we are dealing with battery claims. A petition may not be dismissed due to a limitations bar unless it clearly establishes " 'on its face and without exception' that it is barred." *Sheehan,* 901 S.W.2d at 59. In this case, there is no claim of sexual abuse which is not at its essence an unconsented touching. Accordingly, for purposes of our analysis of the pre–1990 status of these claims for sexual abuse, we must assume the two-year statute was applicable. *See K.G.,* 918 S.W.2d at 799.

If plaintiff's damage from the sexual abuse became "capable of ascertainment" before her 21st birthday, then the limitations period for the sexual abuse would have expired, at the latest, two years from her 21st birthday. *See* §§ 516.100 and 516.140. The petition alleges that plaintiff has suffered both in her childhood and as an adult from the damage caused by the sexual abuse. The petition states that plaintiff suffered emotional trauma, including fear, depression and anxiety throughout her childhood, adolescence, and adulthood.

■ Under section 516.100, the cause of action accrues not when the wrong is done or the breach of duty occurs, but "when the damage resulting therefrom is sustained and is capable of ascertainment." This is an objective test to be decided as a matter of law by the trial court. *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 861 (Mo.App.1984). The cause accrues when the damage "can be discovered or made known." *Carr v. Anding,* 793 S.W.2d 148, 150 (Mo.App. 1990). The right to sue arises when the fact of damage is "capable of ascertainment," even though not actually discovered or ascertained. *See Vandenheuvel v. Sowell,* 886 S.W.2d 100, 102 (Mo.App.1994). Generally, the sexual abuse itself is "capable of ascertainment" immediately, and the damage therefrom is "capable of ascertainment" as soon as the emotional turmoil appears. *H.R.B. v. Rigali,* 18 S.W.3d 440, 443 (Mo.App.2000). Therefore, under the accrual test of section 516.100, a claim of childhood sexual abuse would be barred two years after plaintiff attained the age of 21.

As we have noted, the test for accrual as to childhood sexual abuse claims was altered by the legislature in section 537.046. The statute, which became effective August 28, 1990, specifies that actions should be brought within five years after the plaintiff attains the age of 18 or within three years after the date plaintiff "discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs." § 537.046.2. The legislature opted to use this alternative accrual test for childhood sexual abuse claims instead of the "capable of ascertainment" test. The caveat we must keep in mind in our analysis, however, is that the discovery test adopted in the statute applies only if the cause of

---

years, does not enter into our analysis because it was not enacted until 1989, by which time the claims were already barred.

2. Plaintiff–Appellant, in describing the abuse in the petition, states: "The abuse included fondling, assault, rape, battery, oral sex and unconsented-to sexual intercourse."

action was still viable as of the effective date of the statute in 1990. *Doe*, 862 S.W.2d at 340–42.

In this case, while the petition does not specify certain dates, we can discern the following facts:

1. If Plaintiff was seven years old in 1971 as alleged in the petition, Plaintiff was approximately 26 years of age at the time of the effective date of the statute, August 28, 1990.

2. Plaintiff suffered damage from the childhood sexual abuse throughout her childhood, adolescence, and adulthood.

3. At some point during her childhood, Plaintiff unconsciously repressed all memories of the abuse itself, although she continued to suffer damage from the abuse in the form of depression, anxiety and emotional distress.

4. Although subjectively she did not connect the sexual abuse to the emotional damage, and hence did not discover or ascertain the damage, the damage was objectively "capable of ascertainment" before her 21st birthday.

5. Because, under section 516.170, the limitations period for plaintiff's claim did not begin to run until she attained the age of 21 years (in approximately 1985), her claims were not barred until 1987 (to the extent that her claims were battery claims).

Because Ms. Harris' claims for childhood sexual abuse were clearly barred prior to the effective date of section 537.046, the passage of that section did not avail her of additional time in which to bring her action. The trial court properly determined in its review of the petition that the petition clearly establishes "on its face and without exception" that the action for childhood sexual abuse is barred. *See Sheehan*, 901 S.W.2d at 59.

▮ The petition also contains a reference to "other physical and emotional abuse" inflicted on Ms. Harris. Because this is an attempt to plead "other personal injury," any such claims of abuse, to the extent that they were sufficiently pleaded, were subject to the five-year limitations period of section 516.120. Because these were not claims of "childhood sexual abuse" within the meaning of section 537.046, the limitations period could not be extended by section 537.046. Therefore, these claims are also currently barred.

Accordingly, we affirm the judgment dismissing the petition.

HOLLIGER and ULRICH, JJ., concur.

### On Motion for Rehearing

PER CURIAM.

In her motion for rehearing, appellant argues that this court failed to give her the benefit of the inference that her repressed memory prevented ascertainment of injury. She argues that recent decisions of the Missouri Supreme Court require that inference.

It is clear that, as of 1987, Missouri did not apply the "discovery test" to repressed memories, but at that time still applied the test of whether an injury was "capable of ascertainment." *See, e.g., Vandenheuvel v. Sowell*, 886 S.W.2d 100, 101–102 (Mo.App. 1994). Repressed memory also did not defer accrual under the "capable of ascertainment" test. *Id.* Appellant points to *Sheehan v. Sheehan*, 901 S.W.2d 57 (Mo. banc 1995), however, as suggesting that the Missouri Supreme Court now considers repressed memory as not capable of ascertainment and, accordingly, asks that we grant rehearing or transfer to the Supreme Court.

This case differs from *Sheehan*, a case involving childhood sexual abuse and repressed memory, in that in *Sheehan* the petition did not state the date that the plaintiff sustained damage. Although the petition stated that plaintiff "sustained and suffered and continues to sustain and suffer ... consequential injuries and damages," *id.* at 58, the petition did not specify when the injuries were ascertainable. The Court thus determined that the petition was "ambiguous" as to when she objectively could have ascertained the fact of damage. The only date alleged in that case was "that she involuntarily repressed conscious memory until August 1990 or thereafter." *Id.* at 59. Because of the ambiguity, the Court was required to construe the petition in the plaintiff's favor. Thus, the court reversed the dismissal and remanded the case for further proceedings.

While the Court in *Sheehan* did not *specifically* hold that in cases of repressed memory the date the injury is sustained may be later in time than the battery, the court in a later decision regarded *Sheehan* as so holding. *K.G. v. R.T.R.*, 918 S.W.2d 795, 798 (Mo. banc 1996). Here, the allegation is that plaintiff suffered damage from the sexual abuse during her childhood and adolescence and it has continued into adulthood. Ms. Harris knew she had suffered damage and knew she had been victimized, but because it was too painful to retain the memories, she repressed the memory of the events.

Traditionally, absence of memory alone, occurring after the tortious act, does not defer either the accrual of the cause of action or the running of the statute.[1] Because of the ambiguity in the petition in

*Sheehan*, it was unclear whether *Sheehan* signaled a change in the proposition. Then, in 1996, the Court decided *K.G., supra.* In that case, the Court again reviewed the dismissal of a petition alleging childhood sexual abuse. The thirty-year-old plaintiff, K.G., alleged that she was abused between the ages of three and seven. Plaintiff alleged she involuntarily repressed conscious memory of these events until January of 1989, but had no conscious memory of the identity of the perpetrator until December of 1990. The trial court applied the two-year statute of limitations for battery, tolling the statute for minority reasons until the plaintiff's 21st birthday. The Court in *K.G.* cited *Sheehan* for the proposition that "it is the memory of the consequential injury and damages, not the memory of the identity of the perpetrator," that triggers the running of the statute of limitations. *K.G.*, 918 S.W.2d at 798. The Court in *K.G.* affirmed the trial court's dismissal of the petition. The Court said that in giving plaintiff's petition its broadest possible intendment, "one might conclude" that she first "became aware" of *her injury* in January 1989.[2] *Id.* The Court in *K.G.* refused to extend the accrual of the cause of action to the date she recovered the memory of the identity of the perpetrator but was willing, at least for purpose of argument, to allow her until she "became aware" of her injury. *Id.* Because K.G. did not file her petition within two years of when she allegedly recalled the fact of abuse (without recalling the perpetrator), the dismissal of the petition was held proper.

Missouri law relating to the accrual of a cause of action for childhood sexual abuse

---

1. Sometimes the difference between accrual of a cause of action and the tolling of a limitations period seems to be blurred in the discussion. Perhaps "repressed memory" is not really an issue of accrual, as discussed *infra*.

2. It can also be confusing when we talk in terms of "awareness" (a subjective factor) rather than using the phrase "capable of ascertainment," which is an objective standard.

was arguably altered in 1995 and 1996 through the decisions in *Sheehan* and *K.G.* These cases suggest that under § 516.100, in cases of repressed memory, childhood sexual abuse claims may not accrue until awareness of the *fact* of the sexual battery is recovered. However, at the same time, the cause of action may accrue *and expire* before the plaintiff recovers the memory of the identity of the abuser. *See K.G.*, 918 S.W.2d at 798.

In *H.R.B. v. Rigali*, 18 S.W.3d 440 (Mo. App.2000), a childhood sexual abuse claim was brought by a man who had repressed, for twenty-eight years, memories of sexual abuse perpetrated by a priest in St. Louis. The plaintiff obtained a verdict against the archdiocese for intentional failure to supervise the priest. On appeal, the defendant contended that the trial court erred in submitting the claim because the claim was barred by limitations in that the claim had accrued at the time of the sexual abuse and that the only applicable tolling was the tolling until the age of majority. In that case, the Eastern District found that the plaintiff, who was thirteen or fourteen at the time of the abuse, had "full knowledge of the events and knew they were wrongful" at the time the abuse occurred. *Id.* at 444. The court held that at that time the cause of action accrued because the plaintiff's damages were sustained and capable of ascertainment. *Id.* Accordingly, the court found the claim was time-barred and reversed the judgment against the archdiocese. The Supreme Court declined to grant plaintiff's application for transfer in *H.R.B.*

*H.R.B.* casts doubt on the otherwise arguable effect of *Sheehan* and *K.G.* in that, by the definition of the phrase "repressed memory," one would think that there is always, at the time of the act of abuse (unless the child is then unconscious or very, very young) "full knowledge" of the

abuse. One would assume that the memory repression is not simultaneous with the abuse, but only comes after the event. This would suggest that memory repression does not involve an issue of accrual but rather should be an issue of tolling.

■ We need not decide the full implications of *Sheehan* and *K.G.*, and the potential applicability to this case because even if the Supreme Court's rulings in 1995 and 1996 constitute a substantive change in the law of accrual of a cause of action for childhood sexual abuse, this change also would, it seems, be governed by the rule of *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338 (Mo. banc 1993). In other words, *Sheehan* and *K.G.* would not be applied retroactively to resuscitate a claim already time-barred.

*Doe v. Roman Catholic Diocese* holds that legislative changes since an action was barred under old law cannot resuscitate a previously barred cause of action. Appellant fails to show that prior to *Sheehan* in 1995 Missouri considered repressed memory as deferring the accrual of a cause of action for childhood sexual abuse until the memory was recovered. *Vandenheuvel* indicated that as of 1994 repressed memory did not delay the accrual of a cause of action under 516.100. We believe, accordingly, this appellant's memory recovery was too late to authorize an action under the law existing prior to 537.046, enacted in 1990, and too soon to allow her to bring an action under Section 537.046 itself. We believe the petition unambiguously indicates facts leading to the conclusion that the claim was time-barred in 1987.

There are strong public policy reasons on both sides of the issue of how repressed memory should be handled, making the issue particularly appropriate for legislative determination. The legislature has addressed the matter in Section 537.046.

Because of *Doe*, however, that statute can apply only to claims still viable at the time of the effective date of the statute.[3]

For all the foregoing reasons, we deny rehearing and transfer in this case.

---

**3.** The legislature also adopted Section 516.371 in 1989 (the ten year statute of repose or statute of limitations, depending on interpretation of the statute) mentioned in *K.G.* and addressed in *Ridder v. Hibsch*, 94 S.W.3d 470 (Mo.App.2003).