John T. DOE, Appellant,

v.

Most Rev. Anthony J. O'CONNELL,
et al., Respondents.

No. ED 82561.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 24, 2004.

Application for Transfer to Supreme Court
Denied Oct. 6, 2004.

Kenneth M. Chackes, Susan Carlson, St. Louis, MO, Jeffrey R. Anderson, Patrick W. Noaker, St. Paul, MN, for appellant.

Gerard T. Noce, Adrian P. Sulser, Edward M. Goldenhersh, Bernard C. Huger, Tina R. Carter, St. Louis, MO, Jonathan R. Haden, James P. Tierney, Kansas City, MO, for respondents.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

PER CURIAM.

Plaintiff John Doe appeals the judgment dismissing with prejudice his claims against Bishop Anthony J. O'Connell and various Roman Catholic Dioceses on the ground that all of his claims are barred by the applicable statutes of limitations.[1] We affirm.

A motion to dismiss is solely a test of the adequacy of the plaintiff's petition. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). It assumes all of the plaintiff's averments are true and liberally grants to plaintiff all reasonable inferences therefrom. *Id.* No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. *Id.* Instead, the petition is reviewed in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. *Id.* Whether a cause of action is barred by the statute of limitations is a question of

---

1. Plaintiff's claims against the Holy See and the Diocese of Palm Beach were dismissed without prejudice for failure to prosecute.

law. *Harris–Laboy v. Blessing Hosp. Inc.,* 972 S.W.2d 522, 524 (Mo.App.1998).

Plaintiff, who is by now in his early fifties, filed his petition in 2002. In pertinent part he alleges that he was sexually abused by then Father O'Connell as a minor when he was a student at a seminary in Hannibal from 1967 to 1969, when he left the seminary. After he left the seminary, he had intermittent sexual contact with Father and later Bishop O'Connell in Jefferson City between 1969 and 1972, in Massachusetts in 1984, and in Kentucky in 1986 and 1990 or 1991.

The statute of limitations applicable to Plaintiff's federal RICO claims is four years. *Agency Holding Corp. et al. v. Malley–Duff & Assoc., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The Supreme Court has not specified what triggers the beginning of the filing period but did limit it to two theories in *Rotella v. Wood,* 528 U.S. 549, 553, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000). The first theory is the "injury discovery accrual rule" that starts the clock when the plaintiff knew or should have known of his injury. *Id.* The second is the "injury occurrence rule" under which the cause of action accrues and the statute begins to run when a defendant commits an act that injures plaintiff's business. *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 198, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997) (Scalia, J., concurring in part and concurring in the judgment.) [2]

■ Defendants urge that Plaintiff's federal civil RICO claims are clearly barred under either test from the face of the petition. We agree. The last sexual contact between Plaintiff and Bishop O'Connell occurred in 1990 or 1991. Moreover, Plaintiff expressly concedes

that in 1994 he disclosed the "sexual abuse and exploitation" he had experienced from Bishop O'Connell to Bishop Boland of Kansas City. He also expressed concern that such behavior could be ongoing with others. Plaintiff also informed Bishop O'Connell of his disclosure to Bishop Boland. Thus, regardless of any alleged repression of memory, coping mechanisms, fraud, duress or any other factor that may have prevented Plaintiff from discovering his injury sooner, the petition conclusively establishes that Plaintiff was fully aware of his injury in 1994. Thus, the statute of limitations on his federal civil RICO claims expired no later than 1998 and the trial court properly found them to be time barred.

■ This analysis is likewise dispositive of Plaintiff's claims founded on Missouri state law. The applicable limitations period for these claims is five years. Section 516.120(4) RSMo 2000. The statute of limitations for Plaintiff's cause of action begins to run when the damage resulting therefrom is sustained and capable of ascertainment. *H.R.B. v. Rigali,* 18 S.W.3d 440, 443 (Mo.App.2000). Missouri has rejected a "discovery" rule to determine when a cause of action accrues. *Id.* Damage is sustained and capable of ascertainment when it can be discovered or made known, not when the Plaintiff actually discovers the injury or wrongful conduct. *Id.* In addition, the capable of ascertainment test is to determine when a plaintiff could have maintained the action to a successful suit. *Id.* Although *H.R.B.* suggests that the statute of limitations applicable to Plaintiff's Missouri state law claims probably expired much sooner, it is clear from

---

2. We are inclined to agree that Plaintiff's petition fails to allege the type of injury or damages to his business or property required to support a civil federal RICO claim. *Gaines v.* *Texas Tech. Univ.,* 965 F.Supp. 886, 889–90 (N.D.Texas 1997). However, we need not decide the issue in view of our disposition.

**4** ■

the face of the petition that Plaintiff had, in fact, ascertained his injury and resulting damages no later than 1994 and that he could have successfully prosecuted a suit at that time. Thus, the trial court properly found that Plaintiff's claims based on Missouri state law were time-barred.

■ As for Plaintiff's Florida RICO and conspiracy claims, the parties agree that the statute of limitations is five years. Thus, these claims are barred by the statute of limitations for all of the same reasons discussed above. Although Plaintiff asserts that the statute did not begin to run until the last act of "bribery" in 2002, nowhere in the petition do we find any allegations of bribery, which, under Florida law, means "corruptly to give, offer or promise *to any public servant* ...." Fla. Stat. ch. section 838.015.1 (2004). (emphasis added). Indeed, it is difficult to understand how the payments previously made to Plaintiff could have contributed to his damage in any way. Moreover, we agree with Defendants that Florida's RICO law cannot be applied extraterritorially against Missouri defendants for alleged wrongs that did not occur in Florida and where Defendants have had no contacts with Florida that would subject them to its jurisdiction. *Bigham v. McCall Serv. Stations, Inc.,* 637 S.W.2d 227, 229 (Mo.App. 1982).

■ Finally, we reject Plaintiff's contention that he alleged sufficient facts to toll the foregoing statutes of limitations on the basis of either fraudulent concealment, equitable estoppel or duress. There can be no fraudulent concealment that will prevent the running of the statute of limitations where the plaintiff knows of the cause of action or there is a presumption of such knowledge. *Hasenyager v. Bd. of Police Comm'rs. of Kansas City,* 606 S.W.2d 468, 471 (Mo.App.1980). The petition establishes that Plaintiff had such

knowledge no later than 1994. Under Missouri law, a person asserting the doctrine of equitable estoppel must show: (1) an admission, statement or act inconsistent with a claim afterward asserted and sued upon; (2) action by the other party on the faith of such admission, statement or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. *Sisters of St. Mary v. Dennigmann,* 730 S.W.2d 589, 593–94 (Mo.App.1987). Plaintiff has not pleaded any conduct or statement by Defendants that would justifiably cause a reasonable person to refrain from suit. Furthermore, section 516.280 RSMo 2000 provides that improper acts by the defendant do not toll the statute of limitations unless the acts kept the plaintiff from actual knowledge of harm. On its face, the petition demonstrates that Plaintiff had actual knowledge of the harm no later than 1994. Thus, his claims are barred by the applicable statutes of limitations for the reasons discussed above.