In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00547-CV**

_____

**IN THE INTEREST OF H.N.**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 37386**

**MEMORANDUM OPINION**

The trial court signed an order enforcing and modifying the appellant's child support obligation. The order included a child support arrearage judgment in the amount of $57,122.75.[1] The appellant filed a notice of appeal but failed to file a

---

[1] The trial court also held the appellant in contempt for failing to pay child support on four specific dates, and assessed 180 days in jail, for each separate act of contempt to run concurrently, as punishment, then placed the appellant on community supervision. *See* Tex. Fam. Code Ann. § 157.165 (West 2008). The contempt part of the order must be challenged through habeas corpus or mandamus, and is not before the Court in this appeal. *See Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *In re A.C.J.*, 146 S.W.3d

1

brief. On April 9, 2013, we notified the parties that the appellant's brief had not been filed, and we warned the appellant that his failure to file a brief could result in a dismissal of the appeal for want of prosecution. On April 19, 2013, we notified the parties that the appeal would be submitted to the Court without oral argument. *See* Tex. R. App. P. 39.8. In the absence of a brief assigning error for appellate review, we dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1), 42.3(b).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on May 10, 2013
Opinion Delivered May 23, 2013

Before Gaultney, Kreger, and Horton, JJ.

---

323, 326 (Tex. App.—Beaumont 2004, no pet.). The appellant has not filed a separate habeas proceeding. *See* Tex. R. App. P. 52.1; Tex. Fam. Code Ann. § 157.163 (West 2008) (providing for appointment of counsel for contempt proceedings under some circumstances). The disposition of this appeal does not affect the contempt part of the judgment.